53 N.J. Super. 449 (1958)
147 A.2d 302
GEORGE B. GAMMOND, PLAINTIFF,
v.
TOWNSHIP OF LIVINGSTON, TOWNSHIP COMMITTEE OF THE TOWNSHIP OF LIVINGSTON, PLANNING BOARD OF THE TOWNSHIP OF LIVINGSTON, HOBART DEVELOPMENT CO., A NEW JERSEY CORPORATION AND WYCHWOOD MANOR, A NEW JERSEY CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 22, 1958.
*451 Mr. Arthur E. Dienst, attorney for plaintiff.
Mr. Louis Bort, attorney of Township of Livingston.
Messrs. Platoff, Platoff & Heftler (Edward W. Harker appearing), attorneys for defendant Hobart Development Co.
COOLAHAN, J.S.C.
This action in lieu of prerogative writ questions the validity of a street vacation ordinance of the township committee, and a final subdivision plat approval of the planning board of the Township of Livingston. The plaintiff is the owner of an undeveloped gore of land in the area of one of the modern phenomena known as a housing development. The plaintiff's irregularly shaped parcel has a frontage of 180 feet on West Hobart Gap Road, and runs in varying widths to a depth of 1,128.27 feet. About 340 feet east of plaintiff's property line West Hobart Gap Road intersects with Wychwood Road, which runs roughly parallel near the rear extension of the plaintiff's property, being separated from it by a row of lots belonging to the subdivider's housing development. He is not an abutting owner nor did he ever have interest in the property affected by the vacation ordinance under attack, nor has he any private right in any street vacated by the ordinance, nor did he ever own any property located on the filed map referred to in the ordinance.
In essence, plaintiff's objections to the township committee's and the planning board's actions are centered on the following: By virtue of a 1940 subdivision map filed by the defendant housing developer's predecessor in title, there once was potential access by way of a 50-foot-wide street from Wychwood Road to a point on his property approximately 800 feet in from West Hobart Gap Road; this potential access, a "paper street," dedicated but never accepted or used by the Township of Livingston, was eliminated by ordinance No. 15 which, on May 21, 1956, vacated the street; and to further add to his plight, plaintiff complains that the final plat approval by the planning board *452 on March 11, 1958 failed to substitute an alternate access street to the plaintiff's gore through the defendant subdivider's property. He further alleges that in 1940 he saw a map prepared in 1936 which showed a street, proposed and running through lots 8 and 9. No such map was ever introduced into evidence or located.
A preliminary subdivision map, consisting of approximately 100 lots, was submitted by the defendant Hobart Development Company to the planning board, which preliminary map was approved by the said board on February 14, 1956. On February 20, 1956 the map was approved by the township committee. On May 21, 1956 the vacating ordinance was adopted by the township committee. Thereafter, from time to time the defendant Hobart Development Company submitted various sections of the map to the planning board for final approval, and on March 11, 1958 submitted the "Map of Section 2A" to which the planning board gave final approval. From this action the plaintiff now seeks relief.
Although the plaintiff appeared at the meetings of the planning board subsequent to the preliminary approval on February 14, 1956, including the meeting of March 11, 1958, he nevertheless bases his procedural attack both against the 1958 action of the planning board and the 1956 township vacation ordinance on the ground that he received no notice of the planning board meeting of February 14, 1956.
Because of the unavailability of the minutes of the meeting of February 14, 1956 it is not possible to determine whether the street vacation ordinance had been considered by the planning board and favorably recommended to the township committee. In any event, the plaintiff's action to review the ordinance is barred by the 45-day time limitation of R.R. 4:88-15. So, also, is his attack on the 1958 action of the planning board to the extent that it in turn is predicated upon an alleged procedural defect in the preliminary plan approval of 1956. Moreover, where, as here, there is no evidence of the adoption by ordinance of the governing body of an official map pursuant to N.J.S.A. 40:55-1.31 et seq., the vacating of a dedicated but nonaccepted street *453 would appear to be governed by the provisions of N.J.S.A. 40:67-1, 19 and N.J.S.A. 40:49-6, and not the provisions of N.J.S.A. 40:55-1.31 et seq. Accordingly, the absence of notice would not affect the validity of the vacation ordinance. For it is provided in N.J.S.A. 40:49-6:
"* * * Failure to mail the notice herein provided for shall not invalidate any ordinance, proceeding or assessment. * * *"
Additionally, the plaintiff asserts that he is landlocked. At the same time he admits that he has a 180-foot frontage on West Hobart Gap Road. Such access to a public highway is inconsistent with a state of being "landlocked," as the term is ordinarily used. Since plaintiff's principal objection to the planning board's final approval of section 2A was that it denied him an access street through the defendant developer's land, in place of the prior vacated paper street, and since he grounds his entitlement to such access on the theory that he is landlocked, such objection loses all force and is without merit.
I have considered two additional points raised by the plaintiff and find them equally devoid of merit. One is that the language of ordinance No. 15 did not effectively vacate the street in question. However, it is obvious that, while paragraph 2 of said ordinance contained only a statement that such street had not been accepted by such township, paragraph 1 of said ordinance clearly released from dedication "an unnamed street situated between Lot 9 and Lot 10 in Block 256D," and declared the vacation of same.
Plaintiff cites, also, the provisions of an ordinance governing subdivisions, ordinance No. 82, wherein it is ordained that block lengths shall not exceed 1,200 feet. However, it is obvious that compliance with this requirement could not affect plaintiff's property or further his desire for another access street, since his property runs less than 1,200 feet in depth.
Plaintiff's action comes too late to challenge the validity either of the preliminary plat approval or the vacation *454 ordinance of 1956. His main grievance as to the action of the planning board in March of 1958 was its failure to provide a substitute access street. The plaintiff would prefer to have a street located more to the southwest of the plot rather than the paper street, which would be more advantageous to his property, inasmuch as his property is only 200 feet wide at the point of the located street. Having appeared and voiced objection at this latter meeting, he cannot now complain of lack of notice thereof. In the absence of a showing of abuse of discretion on the part of the planning board, the court will not disturb its action, particularly where the plaintiff has shown no sufficient reason why the planning board should have acceded to his request.