285 N.J. Super. 498 (1995)
667 A.2d 394
J.S., PLAINTIFF-RESPONDENT/CROSS-APPELLANT,
v.
D.M., DEFENDANT-APPELLANT/CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 19, 1995.
Decided November 29, 1995.
*499 Before Judges PRESSLER, WEFING and ARIEL A. RODRIGUEZ.
Himelman, Hurley & Himelman, attorneys for appellant (William Himelman, on the brief).
Alder & Kleinman, attorneys for respondent (Toby G. Kleinman, on the brief).
The opinion of the court was delivered by ARIEL A. RODRIGUEZ, J.A.D.
We affirm the Family Part's order denying D.M.'s (father) application to change the surname of his daughter, requiring that mother and father confer and agree upon major decisions affecting the daughter, and establishing a flexible visitation schedule which requires communication and agreement between the parents.
D.M. and J.S. (mother) are the parents of a four-year old girl. They have never been married. The child was conceived during a short-term relationship which ended after her birth. Since her birth, the child has lived with the mother.
A final domestic violence restraining order was issued against the father in July 1991. In June 1992, a new restraining order was entered based on additional complaints. In the context of this domestic violence litigation, the father moved for custody and that the child's surname be changed to his. After a hearing, the judge ordered that the child's name and official birth records be changed to make D.M.'s surname the child's middle name. The judge also ordered a schedule of visitation and directed the parents to cooperate and communicate with each other regarding all issues that affect the child.
On appeal, the father contends that the judge erred in not granting his application to change the child's surname. The *500 mother cross-appeals regarding the provisions of the judgment which require the parents to confer and agree regarding a flexible visitation schedule and major decisions concerning their daughter.
A review of this case is made unnecessarily cumbersome because the judge disregarded R. 4:42-1(a)(4) by not including separately numbered paragraphs for each substantive provision of the judgment. Instead, the judge signed a judgment that simply orders "that judgment be entered in accordance with the transcript attached hereto and made a part hereof." Such a judgment does a disservice to the parties, a reviewing court, and any other judge who has to conduct subsequent proceedings. A person who reads a judgment or order should not have to also read a transcript to glean its substantive provisions. That causes an undue consumption of time and creates confusion and disputes as to what was actually adjudged. R. 4:42-1(a)(4) does not place an unreasonable responsibility on a trial judge.
These contentions raised on appeal and cross-appeal are clearly without merit. R. 2:11-3(e)(1)(E). We merely note that in Gubernat v. Deremer, 140 N.J. 120, 657 A.2d 856 (1995), the Supreme Court held that the strong presumption that the surname elected by a custodial parent is in the best interest of a child must be rebutted by a preponderance of the evidence by the noncustodial parent. We are satisfied that the judge correctly concluded that the father has failed to meet his burden. The judge's finding that retaining the mother's surname is in the best interest of this child is supported by sufficient credible evidence present in the record. Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974).
The substance of the judgment is affirmed in all respects. However, the matter is remanded to the Chancery Division, Family Part for the entry of a judgment in the form mandated by R. 4:42-1(a).