689 A.2d 865

ISLAND CLUB CONDOMINIUM HOMEOWNERS ASSOCIATION, PLAINTIFF, v. THE CITY OF ATLANTIC CITY, PLANNING BOARD OF THE CITY OF ATLANTIC CITY AND GNOC T/A THE GRAND, DEFENDANTS.

FRANCES GINNETTI, PLAINTIFF, v. PLANNING BOARD OF THE CITY OF ATLANTIC CITY AND GNOC T/A THE GRAND, DEFENDANTS.

Superior Court of New Jersey
Law Division
Atlantic County

December 1, 1995.

George K. Miller, Jr., for plaintiff Frances Ginnetti.

Gary Dinenberg, for plaintiff Island Club Condominium Home-owners Association.

Noah Bronkesh, for defendant GNOC t/a The Grand (Sills Cummis Zuckerman Radin Tischman Epstein & Gross attorneys).

John Scott Abbott, for defendants Planning Board of the City of Atlantic City and the City of Atlantic City.

WINKELSTEIN, J.S.C.

Defendant GNOC t/a The Grand (the Grand) applied to the Atlantic City Planning Board (the Board) for preliminary and final site plan approval for an expansion (the project) of defendant's hotel. Phase I of the project received approval from the Board on March 1, 1995. On July 19, 1995, a public hearing was held and the Grand's Phase II application was approved. The project included the construction of a new 750 seat theater, plus the addition of a 14 story, 308 room hotel tower, to be joined with the Grand's existing 23 story tower. The project was deficient by 202 parking spaces and a variance was required and granted. It is also asserted that a variance was necessary for the orientation of the new tower, but none was sought by the Grand nor required by the Board.

Plaintiffs in this consolidated action are objecting to the project. They filed complaints in lieu of prerogative writs alleging that the Board's decision granting the variance for the parking deficiency and failure to require a variance for the orientation of the building was arbitrary, capricious and unreasonable. The Grand filed an answer setting forth separate and affirmative defenses which included a claim that the complaints were not timely filed. The Grand now moves to dismiss the complaints on the grounds that plaintiffs failed to file within 45 days as is required by R. 4:69–6. The procedural history follows.

The Board held a hearing on July 19, 1995 and granted defendant's application for preliminary and final site plan approval, subdivision approval and variance relief for Phase II. A notice of the decision was published by the Grand in the Press of Atlantic City, (the Press), a newspaper of general circulation in the municipality, on July 26, 1995. A memorializing resolution was adopted by the Board on August 16, 1995. A record of the decision was placed on file in the Board's administrative office on August 18, 1995. A second publication in the Press, this one prepared by the Board, appeared on August 20, 1995. Plaintiff Island Club Home Owners Association (Island Club) filed its complaint attacking the decision on September 21, 1995. Plaintiff Frances Ginnetti (Ginnetti) filed her complaint on October 2, 1995.

Pursuant to *R.* 4:69–6(b) an action in lieu of prerogative writs shall be commenced no later than 45 days from the publication of a notice in the official newspaper of the municipality or in a newspaper of general circulation in the municipality. The time to file an appeal from a decision of a municipal agency runs from the first publication of the decision regardless of whether arranged by the municipality or the applicant. *N.J.S.A.* 40:55D–10(i).

*N.J.S.A.* 40:55D–10(g) sets forth the statutory framework to be followed by the municipal agency when rendering findings and conclusions and providing notice of same to the public and interested parties. A municipal agency must include findings of fact and conclusions supporting its decision. *N.J.S.A.* 40:55D–10(g). *Medici v. BPR Co.,* 107 *N.J.* 1, 23, 526 *A.*2d 109 (1987). The agency shall include the findings of fact and conclusions of each decision by drafting a resolution no later than 45 days after the meeting is held. *N.J.S.A.* 40:55D–10(g). Subsection (g)(2) states that the date of the adoption of the resolution shall constitute the date of the decision for purposes of the mailings, filings and publications.

Thus, the first step in adopting the resolution occurs at the meeting of a board when a vote on the application is taken. *N.J.S.A.* 40:55D–10(g)(1). After a board votes, a memorializing resolution is necessary within the next 45 days. *N.J.S.A.* 40:55D–10(g)(2). The memorializing resolution may be adopted by a

majority of the members present at the meeting at which the original resolution was passed. *Id.* The vote on the memorializing resolution shall

> be deemed to be a memorialization of the action of the municipal agency and not to be an action of the municipal agency; however, the date of the adoption of the resolution shall constitute the date of the decision for purposes of the mailings, filings and publications required by subsections (h) and (i) of this section.
>
> [*Id.*]

If the municipal agency fails to adopt either the original or memorializing resolution, any interested party may apply to the court for an order compelling same. *Id.*

A copy of the decision is then to be mailed to the applicant within 10 days and a copy is to be filed by the municipal agency in the office of its administrative officer. A notice of the decision is to be published in the official newspaper of the municipality or in a newspaper of general circulation which publication is to be arranged by the applicant unless a particular municipal officer is designated to do so by ordinance. *Id.*

The requirements of *N.J.S.A.* 40:55D–10 must be read in conjunction with *R.* 4:69–6. Subsection b(3), provides that to review a determination of a planning board the right to review does not accrue until

> after 45 days from the publication of a notice once in ... a newspaper of general circulation in the municipality.... The notice shall state the name of the applicant, the location of the property and in brief the nature of the application and the effect of the determination or resolution ... and shall advise that the determination or resolution has been filed in the office of the board or the municipal clerk and is available for inspection....

In essence, the Rule sets forth when an action may be filed and describes the contents of the notice to be published.

■ The issue in the instant cases is one of first impression and involves an interpretation of *N.J.S.A.* 4D:55D–10 and *R.* 4:69–6(b)3. The question presented is whether the notice published in the Press on July 26, 1995, before the memorializing resolution was adopted, is sufficient to begin the accrual of the right of review of the Board's action approving the Grand's application. For the following reasons it is concluded that the publication of

the notice required by *R.* 4:69–6 prior to the adoption of the memorializing resolution is ineffective to commence the 45 days within which to seek the right of review in the Superior Court.[1]

*R.* 4:69–6(b)(3) specifically requires that the notice to be published shall state that the determination or resolution has been filed and is available for inspection. The appropriate portion of the notice published by the Grand on July 26, 1995 states:

> The resolution memorializing these approvals is or will shortly be on file at the Planning Board Office, City Hall, 1301 Bacharach Boulevard, Atlantic City, New Jersey, for public inspection by any interested party during regular business hours.

This notice obviously does not comply with the requirement in the rule. It does not say, nor could it have said, that the resolution had been filed in the office of the Board, because the memorializing resolution was not passed until August 16, 1995, three weeks after the first publication. Theoretically, if the memorializing resolution was not thereafter adopted, there would be nothing to be inspected.

■ In construing a statute effect must be given not only to the plain language of the statute, but also to the legislative intent. *Reisman v. Great American Recreation, Inc.,* 266 *N.J.Super.* 87, 96, 628 *A.*2d 801 (App.Div.1993). If the Grand's position is accepted, the 45 day time within which to file a complaint would have been reduced by 23 days, leaving only 22 days for interested parties to review the Board's action and decide whether to appeal. Such a position is inconsistent with both the plain language as well as the intent of *R.* 4:69–6.

*N.J.S.A.* 40:55D–10(g)(2) states that the date of the adoption of the memorializing resolution shall constitute the date of the decision for purposes of publication. When read together with the *R.* 4:69–6(b)3, the clear import is that the right to review the Board's decision does not begin until after the memorializing resolution has been adopted.

■ In many cases, it is not until the memorializing resolution is adopted that findings of fact and conclusions are clearly set

---

[1] This opinion reduces to writing the court's oral decision from the bench at the time of oral argument.

forth on the record. A board's resolution must contain sufficient findings upon which a reviewing court may rely to determine whether the board has properly analyzed the application. *Medici, supra,* 107 *N.J.* at 23, 526 *A.*2d 109; *Cox, New Jersey Zoning & Land Use Administration* (1995) § 28–5.2; *Patel v. Planning Bd.,* 258 *N.J.Super.* 437, 448, 609 *A.*2d 1319 (Law Div.1992) ("absent a written resolution there are no findings of fact or conclusions based thereon against which the court can review the established record.") In the absence of a memorializing resolution, in many instances the basis for a public agency's decision is unclear and it would be difficult at best to decide whether an appeal would be appropriate. To be effective, therefore, a notice which advises the public that it may review an agency's decision should not be published until after a memorialization of the decision is prepared. For purposes of notice, therefore, the phrase "first publication" must be taken to mean the first publication after the written findings of fact and conclusions have been adopted. Otherwise, the notice would not serve any bona fide purpose.

The purpose of *R.* 4:69–6 is to provide the appropriate notice to interested parties to allow review of the municipal agency's actions, as well as to provide a right of repose to the applicant. *Country Chevrolet v. North Brunswick Planning Bd.,* 190 *N.J. Super* 376, 380, 463 *A.*2d 960 (App.Div.1983). It is similar to the purposes served by the statute of limitations, which includes both the right of repose, and through the "discovery rule", delays accrual of the action until a plaintiff is presented with a state of facts which is equal in law to a cause of action. *Apgar v. Lederle,* 123 *N.J.* 450, 588 *A.*2d 380 (1991). Construing *R.* 4:69–6(b) as requiring a written memorializing resolution prior to publication of the notice is consistent with that purpose.

The provision of *R.* 4:69–6(b), which requires either the resolution or the "determination" be available for inspection, is not inconsistent with such a construction. The word "determination" must be read in context. It must be construed in a manner consistent with the intent of Rule, such that it would be sufficient

to inform both the applicant and other interested parties of the basis for the decision from which an appeal may be taken. Unless the basis for a board's decision is known, there would be no basis upon which to prepare the appropriate complaint in lieu of prerogative writs to initiate the appeal. The notice allows the objector to review the final memorialization of the decision and provides a sufficient time to decide whether to appeal. *Nelson v. South Brunswick Planning Bd.*, 84 *N.J.Super.* 265, 274, 201 *A.2d* 741 (App.Div.1964), is in accord, where it was concluded that the words "any determination" as construed in *R.R.* 4:88–15(b)(3) means a determination "which may fairly be deemed to give rise to a right to review and relief."

William M. Cox, in his treatise on New Jersey Land Use law, also lends support to this conclusion. In discussing memorializing resolutions, it is noted that "the time for taking an appeal runs from the date of publication of a notice in the official newspaper that the board has adopted the resolution rather than from the date the action was taken." *Cox, New Jersey Zoning and Land Use Administration,* Section 28–2.6 (1995); *see also Stokes v. Tp. of Lawrence,* 111 *N.J.Super.* 134, 139, 268 *A.2d* 10 (App.Div.1970); and *Toutphoeus v. Joy,* 81 *N.J.Super.* 526, 196 *A.2d* 250 (App.Div. 1963) (concluding that an objector's personal knowledge of a board's decision did not impair the objector's right to wait for formal publication of the notice before instituting an action for review of the decision). In discussing the effect of a board's failure to adopt a resolution, Cox notes that the statute provides that any interested party may apply to the court for an order compelling a board to reduce its findings and conclusions to writing, and "[t]hese compelled findings and conclusions would then be published as appealable." *Id.* at § 28–5.4. Implicit therein is that findings and conclusions should be reduced to writing before the right to review begins to accrue.

Such an approach is also consistent with the procedure necessary to file an appeal to the appellate division. Just as appeals may be taken only from judgments and not from opinions or oral

decisions, *Pressler, N.J. Court Rules,* (1995) Comment *R.* 2:2–3, at 438, appeals from a planning board decision generally should not be taken from oral decisions or opinions, but from the written memorializing resolution. Without a written resolution to review, an appeals tribunal would be left to speculate as to exactly what was decided and the reasons supporting the decision. It would create confusion and disputes as to what was actually decided. *J.S. v. D.M.,* 285 *N.J.Super.* 498, 667 *A.*2d 394 (App.Div.1995).

For the above reasons this court finds that the notice of decision published July 26, 1995, prior to the adoption of the memorializing resolution, is not effective to trigger the accrual of the right to review. The notice did not comply with *R.* 4:69–6(b)3 in that it was published before the written resolution containing findings of fact and conclusions was adopted. Rather, it was the notice which was published on August 20, 1995, subsequent to the adoption of the memorializing resolution, which triggered the running of the 45 days within which to seek the right to review the Board's decisions. The complaints were filed on September 21, 1995, and October 2, 1995, respectively, within the 45 day time period.

There is one last issue which needs to be addressed. Plaintiff Island Club has argued that rather than the date of the publication of the notice subsequent to the memorializing resolution, the date the memorializing resolution is filed with the administrative office of the Board is the date which triggers the 45 days. Such an interpretation has been rejected. The right to sue begins with publication. In *Faulhaber v. Tp. Committee,* 274 *N.J.Super.* 83, 98–99, 643 *A.*2d 52 (Law Div.1994), a notice advising of the adoption of an ordinance was published even though the ordinance had not yet been filed as required by *N.J.S.A.* 40:55D–16. The Law Division in *Faulhaber* noted that if the right to sue accrued from the filing of the ordinance, "interested parties would have to independently verify, on a constant basis, the date of filing. Accordingly, the potential for problems and lack of precision as to the issue of notice are obvious." *Id.* at 99, 643 *A.*2d 52. The same analysis applies in the instant case. Publication of the notice

advises all interested parties of their rights. Merely filing the resolution would not serve the same purpose.

For the above reasons the motion to dismiss the complaints is denied.