869 A.2d 451 (2005)
376 N.J. Super. 125
Dolores J. ENTRESS, Plaintiff-Appellant,
v.
Kevin M. ENTRESS, Defendant-Respondent.
Dolores J. Entress, Plaintiff-Appellant,
v.
Kevin M. Entress, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted February 7, 2005.
Decided March 22, 2005.
*453 Adinolfi and Spevak, attorneys for appellant (Nan S. Famular, Haddonfield, of counsel; Dawn Stern, on the brief).
Mairone, Biel, Zlotnick & Feinberg, attorneys for respondent (Mark Biel, Atlantic City, of counsel; Jacqueline M. Hawkins, on the brief).
Before Judges PETRELLA, LINTNER and PARKER.
The opinion of the court was delivered by
PARKER, J.A.D.
In these consolidated cases, plaintiff appeals from five post-judgment orders entered by the Family Part in Atlantic County. The orders, entered on October 6, 2003, January 9, January 30, February 4 and April 8, 2004, reflect an escalating dispute between the parties regarding custody and visitation, culminating in the April 8, 2004 order, summarily changing custody from plaintiff to defendant. We reverse all five orders and remand for a plenary hearing.
The parties were married on April 12, 1992 and had two children, Keenan, born August 24, 1993, and Jarret, born November 24, 1997. A final judgment of divorce was entered on June 16, 2003, to which a transcript of proceedings of January 13, 2003, was appended. The transcript recorded the parties' property settlement agreement that was placed on the record but never reduced to a formal written agreement.[1]
In the transcript of the January 13, 2003 proceeding, defendant's attorney placed on the record the terms and conditions of the agreement, including custody and parenting provisions. Plaintiff was designated the parent of primary residential custody and defendant was to have parenting time "on alternate weekends as per the times set forth in the pendente lite order which, for the record, begin at [8:30 a.m.]... on Saturday .... [to 7:00 p.m.] ... on Sundays." The record indicates that defendant also had the children on Wednesday nights.
In September 2003, barely three months after the judgment of divorce was entered, defendant moved to extend his parenting time. In an order entered on October 6, 2003, the judge granted defendant's motion and appointed Dov Hammer, Psy.D., as an expert
to conduct a custody evaluation and to identify the emotional & psychological needs of each child; assess the abilities of each party to provide for and meet those needs; and to recommend a Parenting Plan, as described in Rule 5:8-5, designed to best insure that the children's needs will be met. In addition to or as part of the investigation described below, the expert shall (a) review the pleadings and other documents on file with the court or submitted by either party in this matter; and (b) interview the parties and the children, if of appropriate *454 age, whose custody is the subject of this litigation.
The order further provided:
If the Plaintiff fails to comply with the Court's Orders regarding Dr. Hammer, by failing to make or attend scheduled appointments, or by failing in any fashion to cooperate in good faith with the evaluation process, the Court will entertain a motion, on short notice, to place a hold on her support payments.
Finally, the order modified defendant's parenting time, allowing him to begin his weekend visits at 7:00 p.m. on Fridays, rather than 8:30 a.m. on Saturdays. This order modifying the parties' agreement was entered in the absence of an evidentiary hearing.
In December 2003, defendant moved to enforce the October 6 order,[2] and on January 9, 2004, an order was entered finding plaintiff in violation of the October 6 order. The court awarded counsel fees to defendant in the amount of $3,110 and reduced defendant's support obligation by half as a sanction against plaintiff, based on the judge's determination that plaintiff violated the October 6 order. The January 9 order further directed plaintiff to appear on January 30, 2004 "and show cause why future support payments should not be reduced or suspended until she has complied with the existing court orders." Plaintiff was not present for the January 9, 2004 proceeding and the order modifying support and assessing sanctions was entered in the absence of an evidentiary hearing.
On January 30, 2004, defendant and his attorney were back in court but, again, plaintiff was not present and nothing in the record indicates that plaintiff ever received timely notice of the January 30 proceeding.
On January 17, 2004, Dr. Hammer had written a letter to the judge complaining that he had "been frustrated by the inability to reach Mrs. Entress and/or secure appointments with her once contact is initiated." He further indicated that, "[e]ssentially, Mrs. Entress appears to be either confused by current circumstances or deliberately oppositional to Court orders, instruction and/or the evaluative process" but noted that he was "not yet in a position to assess whether or not the above-described confusion is deliberate." In a letter dated January 27, 2004, the trial judge wrote to plaintiff and defendant's counsel, stating:
In review of Dr. Hammer's letter, I have decided to require Ms. Entress, the plaintiff, to show cause, on January 30th, 2004 at 9:00 a.m., or as soon thereafter as the case may be reached, why the Court should not enter an Order consistent with Dr. Hammer's recommendations.
Nothing in the record indicates that plaintiff actually received the January 27 letter in time to appear on January 30. Nevertheless, on January 30, solely on the basis of Dr. Hammer's unsworn, uncross-examined statements in his January 17 letter, the trial judge again modified the parenting schedule in favor of defendant, continued the fifty-percent reduction in support as a sanction against plaintiff and appointed Dr. Janice Colton as the children's therapist. The order stated, "Until further Order of the Court, any monies deducted for support [by the Probation Department] shall not be disbursed to Plaintiff and shall be withheld pending further Order of this Court." This order, too, was entered without an evidentiary hearing.
*455 On February 4, 2004, the judge entered another order based on the unsworn, uncross-examined statements of Dr. Hammer, who represented that the children's therapist, Dr. Colton, reported that the children had not been appearing consistently for their therapy sessions. Without an evidentiary hearing or even a direct communication from Dr. Colton, the court adopted Dr. Hammer's statements as true and ordered defendant to pick up the children from school and transport them to their therapy sessions.
On March 15, 2004, plaintiff filed a notice of appeal for the orders entered on October 6, 2003, January 9, January 30 and February 4, 2004. Notwithstanding the pending appeal, and again without an evidentiary hearing, on April 8, 2004, the court proceeded sua sponte to implement Dr. Hammer's recommendations submitted in a letter dated March 22, 2004 "to transfer temporary custody of the children to the Defendant so [Dr. Hammer's] custody evaluation can be completed and the children's Court-ordered therapy can be implemented."[3] Included in the April 8, 2004 order was a provision stating:
The trial Court will retain jurisdiction to enforce the Final Judgment in this case during the pending appeal for the reasons stated on the record. The Court considers today's proceeding and this order to be in the nature of enforcement and within the exception contained in Rule 2:9-1 which allow[s] the Court to fashion enforcement remedies, including specifically those listed in Rule 5:3-7.
The judge stated on the record that he "has found several times that the plaintiff has deliberately frustrated the defendant's rights and denied the children their right to have a relationship with their father, and to have frequent and continuing contact with them, as is their right under the statute."[4]
On April 16, plaintiff filed a motion for leave to appeal the April 8 order. The motion was granted and that appeal was consolidated with the initial appeal. Plaintiff argues that (1) the trial court erred in changing custody without the benefit of a trial or plenary hearing; and (2) the trial court lacked authority pursuant to R. 2:9-1 to enter the April 8, 2004 order.
We are dismayed by the record before us beginning with the June 16, 2003 judgment of divorce which incorporated a transcript of the parties' agreement, through the April 8, 2004 order summarily changing custody without a plenary hearing. We are not unsympathetic to Family Part judges who are frustrated by parties failing to comply with court orders. Nevertheless, the entry of five post-judgment orders that substantially modified the parties' agreement in the absence of an evidentiary hearing and based, in part, on unsworn letters from a "frustrated" therapist, is clearly and unequivocally reversible error.
It is obvious from the record before us that the parties had a stormy parting. Just prior to the January 13, 2003 proceeding in which the terms of the settlement agreement were placed on the record, defendant sought and obtained a domestic violence temporary restraining order *456 against plaintiff. He agreed to dismiss that restraining order as part of the settlement agreement. The parties' stormy pre-judgment relationship should have been a red flag to the court and counsel, all of whom should have insisted that the terms and conditions of the property settlement agreement were reduced to writing and clearly understood by each of the parties. In our view, the post-judgment acrimony was exacerbated by the absence of a written agreement. Defendant was apparently satisfied with visitation from 8:30 a.m. on Saturday morning to 7:00 p.m. on Sunday evening when the agreement was placed on the record by his attorney. Within three months, however, he was back in court seeking to expand that time.
We have repeatedly held that changes in custody are not to be made without a plenary hearing, absent exigent circumstances. Clearly, the "frustration" of a psychologist is not an exigent circumstance, nor is an unsworn uncross-examined letter from the psychologist a basis for changing custody. See, e.g., Mackowski v. Mackowski, 317 N.J.Super. 8, 11, 721 A.2d 12 (App.Div.1998) (holding that failure to conduct a plenary hearing and to interview a child regarding change in custody was inconsistent with R. 5:8-6 and our previous decisions); G.C. v. M.Y., 278 N.J.Super. 363, 368, 651 A.2d 110 (App.Div.1995) (holding that it was improper to change custody on an emergent basis without a plenary hearing and interview with the children in the absence of imminent or threatened harm to the children); Lavene v. Lavene, 148 N.J.Super. 267, 273, 372 A.2d 629 (App.Div.) (holding that the lack of adequate findings by the trial judge with respect to the custody award requires remand as to the issue), certif. denied, 75 N.J. 28, 379 A.2d 259 (1977)
In an abundance of caution, we direct that this matter be remanded to a different judge for the plenary hearing to avoid the appearance of bias or prejudice based upon the judge's prior involvement with the matter and his expressions of frustration with plaintiff.
Plaintiff argues that the April 8 proceeding was in violation of R. 2:9-1 which deprives the trial court of jurisdiction after a notice of appeal is filed, except for enforcement of orders pursuant to R. 1:10. Given the nature of the appeal, the judge should have refrained from proceeding on April 8, particularly where (1) plaintiff was not present on January 9 or January 30 and there was no clear indication that she had received timely notice of the January 30 proceeding;[5] and (2) the court ordered the April 8 proceeding sua sponte on the basis of Dr. Hammer's March 22 letter. The judge lacked authority to schedule the April 8 proceeding sua sponte, solely on the basis of Dr. Hammer's unsworn, uncross-examined letter.
With respect to the judgment, we have expressly held that the entry of a judgment appending a transcript purportedly addressing the order's provisions is a violation of R. 4:42-1(a)(4), which requires "a separate numbered paragraph for each separate substantive provision of the judgment or order." J.S. v. D.M., 285 N.J.Super. 498, 500, 667 A.2d 394 (App.Div.1995). It is a disservice to the litigants, as well as the court, for a trial judge to enter a judgment of divorce appending a transcript of an agreement placed on the record. Recorded proceedings frequently suffer transcription errors. See, e.g., State v. Cohen, 73 N.J. 331, 344, 375 A.2d 259 (1977). By requiring the parties to reduce *457 their agreement to writing, and thereby clarify the terms and conditions, we will assure that such errors will not occur and that both parties will fully understand and assent to the agreement they are entering. In lieu of a judgment stating all of the substantive provisions in numbered paragraphs, a properly drafted and executed written settlement agreement satisfies the R. 4:42-1(a)(4) requirement and may be incorporated into a judgment of divorce.
Family Part judges must refrain from entering judgments and orders appending transcripts that purport to set forth the terms and conditions of the parties' agreement. We refer this issue to the Family Practice Committee to consider a rule prohibiting the practice and establishing the proper form of a judgment of divorce.
Reversed and remanded.[6]
NOTES
[1] We strongly disapprove of the practice of appending transcripts in which the parties verbally state their assent to property settlement agreements placed on the record by their attorneys. This practice is fraught with ambiguities and inconsistencies that often result in extensive and acrimonious post-judgment proceedings. We address this practice further in this opinion.
[2] A different Family Part judge addressed holiday visitation during December, but that order is not before us on appeal.
[3] The April 8 proceeding was apparently scheduled sua sponte, by virtue of a letter dated April 1 from the judge to counsel, enclosing Dr. Hammer's March 22 letter stating that he had been unable to complete his evaluation.
[4] None of the judge's findings that plaintiff "deliberately frustrated" defendant's rights or the court's orders were based on evidentiary hearings, and no sworn testimony was ever taken upon which the judge could make such determinations. Indeed plaintiff was not even present for at least two of the proceedings.
[5] The cover page of the January 9 transcript shows that plaintiff appeared pro se but the record itself indicates that plaintiff was not present. On January 30, the judge and defendant's counsel discussed plaintiff's absence but no proof of service was submitted.
[6] We have been advised by the Appellate Division Clerk's Office that plaintiff has filed yet another appeal under docket number A-6425-03T5. Respondent's brief has not been submitted in that appeal and it will proceed in the ordinary course.