# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2331-22

C.P.,[1]

    Plaintiff-Respondent,

v.

J.S.,

    Defendant-Appellant.

_____

Submitted February 14, 2024 – Decided February 28, 2024

Before Judges Vernoia and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FV-04-2005-23.

Hark & Hark, attorneys for appellant (Michael Joseph Collis, on the brief).

Respondent has not filed a brief.

---

[1] We use initials to identify the parties because the names of victims and alleged victims of domestic violence are not subject to public disclosure under Rule 1:38-3(d)(10).

PER CURIAM

Defendant J.S. appeals from a final domestic violence restraining order (FRO) entered against her in favor of plaintiff C.P. under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. Based on our review of the record submitted in support of the appeal, defendant's arguments, and the applicable legal principles, we reverse the FRO and remand for further proceedings.

Plaintiff filed a domestic violence complaint alleging he and defendant had a prior dating relationship and defendant committed a predicate act of domestic violence under the PDVA that plaintiff characterized as "cyber-harassment" under "N.J.S.A. 2C:14-9(a)."[2] More particularly, plaintiff alleged

---

[2] A violation of N.J.S.A. 2C:33-4.1, which defines the offense of cyber-harassment, constitutes a predicate act of domestic violence under the PDVA. See N.J.S.A. 2C:25-19(a)(19) (providing a cyber-harassment offense under N.J.S.A. 2C:33-4.1 is a predicate act of domestic violence under the PDVA). A violation of N.J.S.A. 2C:14-9(a), which in part defines the offense of invasion of privacy, is cited in plaintiff's complaint but does not constitute a predicate act of domestic violence under the PDVA. See N.J.S.A. 2C:25-19(a)(1) to (19) (listing the predicate acts of domestic violence under the PDVA). For purposes of our disposition of the issues raised on appeal, it is unnecessary to address whether plaintiff intended to allege defendant committed the offense of cyber-harassment under N.J.S.A. 2C:33-4.1, supporting a finding there was a predicate act of domestic violence under the PDVA, or the offense of invasion of privacy under N.J.S.A. 2C:14-9, which is not a predicate act of domestic violence under the PDVA. On remand, the court shall address the ambiguity in plaintiff's

2

defendant had posted a nude image of him on a fake social media account without his consent. In response to the complaint, on January 2, 2023, a municipal court judge issued a temporary domestic violence restraining order (TRO) against defendant.

A month later, defendant filed a domestic violence complaint against plaintiff alleging that following the parties' break-up around Thanksgiving of 2022, plaintiff had posted a nude photograph of the parties on social media with a caption "ALL MINE" that was available to defendant's contacts and was sent to her place of employment, the school her son planned to attend, and her friends and family. Defendant's complaint included allegations of prior acts of domestic violence by plaintiff. The complaint listed cyber-harassment as the alleged predicate act of domestic violence under the PDVA. A Family Part judge issued a TRO against plaintiff based on the allegations in defendant's complaint.

The court conducted a joint trial on plaintiff's and defendant's separate complaints. Plaintiff and defendant appeared as self-represented litigants and each testified at trial. Following presentation of the evidence, the court rendered a bench opinion finding defendant's testimony was not credible, her claims were

complaint at the outset so the parties and the court can proceed based on an accurate understanding of the claim asserted in the complaint.

baseless, and she did not prove plaintiff either committed a predicate act of domestic violence under the PDVA or that she required an FRO to protect against future acts of domestic violence. See generally Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006) (explaining the standard for issuance of an FRO under the PDVA).

In contrast, the court found plaintiff's testimony credible, determined defendant had posted a nude photograph of plaintiff on a fake social media account bearing plaintiff's name, and concluded defendant knowingly posted the photograph to cause plaintiff humiliation and embarrassment. The court found plaintiff proved defendant had committed the predicate act of "cyber[-]harassment" under the PDVA and plaintiff required an FRO to prevent future acts of domestic violence.

The court entered an FRO against defendant. Defendant appealed from the FRO.[3]

Our scope of review is limited when considering an FRO issued by the Family Part. D.N. v. K.M., 429 N.J. Super. 592, 596 (App. Div. 2013). We

---

[3] The record on appeal does not include an order dismissing defendant's complaint seeking an FRO against plaintiff. The record also does not include any indication defendant appealed from the dismissal of her complaint against plaintiff.

"grant substantial deference to the trial court's findings of fact and the legal conclusions based upon those findings." Ibid. (citing Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)). Our deference to the Family Part's findings of fact is particularly appropriate where the evidence is largely testimonial and hinges upon a court's ability to make assessments of credibility. Id. at 412. We review de novo the court's conclusions of law. S.D. v. M.J.R., 415 N.J. Super. 417, 430 (App. Div. 2010) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

To support entry of an FRO under the PDVA, a trial court must make findings in accordance with the two-pronged analysis explained by the court in Silver. 387 N.J. Super. at 125-27. The court must first "determine whether the [person seeking the FRO] has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Id. at 125. The court should make that determination "in light of the previous history of violence between the parties." Ibid. (quoting Cesare, 154 N.J. at 402). Second, the court must determine "whether a restraining order

is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29(a)(1) to -29(a)(6), to protect the victim from an immediate danger or to prevent further abuse."[4] Id. at 127 (citing N.J.S.A. 2C:25-29(b)).

Defendant challenges the court's factual findings. She argues the court failed to properly consider the evidence presented and erred in its evidentiary rulings. Defendant further contends the court erroneously concluded an FRO is necessary to protect plaintiff from future acts of domestic violence. Last, defendant claims the FRO should be reversed because the court failed to advise her that she had a right to counsel at trial.

We are not persuaded by defendant's vaguely asserted claims the court's factual findings are not supported by the evidence and the court improperly

---

[4] The six factors a court should consider under N.J.S.A. 2C:25-29(a) are:

> (1) The previous history of domestic violence between [the parties], including threats, harassment and physical violence;
> (2) The existence of immediate danger to person or property;
> (3) The financial circumstances of the [parties];
> (4) The best interests of the victim and any child;
> (5) In determining custody and parenting time the protection of the victim's safety; and
> (6) The existence of a verifiable order of protection from another jurisdiction.
>
> [N.J.S.A. 2C:25-29(a)(1) to (6).]

6

failed to consider evidence she presented. We discern no error in the court's factual findings, which are supported by substantial evidence the court found credible. See Cesare, 154 N.J. at 411-12. We reject defendant's claim the court erred by failing to consider evidence she contends supported her request for the FRO, including her testimony about various text messages, because the argument ignores that the court found her testimony wholly incredible. Thus, because the court found defendant's testimony not credible, and explained its basis for doing so, the court did not commit error by failing to otherwise cite or detail defendant's testimony in its decision. The court's finding defendant's testimony was wholly incredible was sufficient.

We also reject defendant's claim the court erred by relying on evidence—her testimony—she presented in support of her complaint as a basis for its determinations she committed the predicate act of cyber-harassment and an FRO is necessary to protect plaintiff from future acts of domestic violence. The court ordered a joint trial on the parties' respective cross-complaints, defendant did not object, and defendant does not argue on appeal the court erred by ordering the joint trial. The evidence concerning the parties' history and alleged actions overlapped, and the court did not err by considering all the evidence admitted by both parties—including defendant's testimony—in its determinations

7

concerning the validity of the claims asserted in the separate complaints. See, e.g., Silver, 387 N.J. Super. at 125-28 (assessing cross-complaints for FROs under the PDVA based on evidence presented by both parties during a joint trial on the complaints). Defendant's claims to the contrary are bereft of merit.

We agree with defendant's contention the court did not make adequate findings supporting its determination under Silver's second prong that an FRO is required "to protect . . . [plaintiff] from an immediate danger or to prevent further abuse." 387 N.J. Super. at 127. In its determination plaintiff satisfied the second prong of the Silver standard, the court did not address or make findings as to each of the requisite factors under N.J.S.A. 2C:25-29(a)(1) to (6), including whether there is a prior history of domestic violence between the parties, "and how that impacts, if at all, on the issue of whether a restraining order should issue." Id. at 128.

If the court's failure to make adequate findings supporting its determination under Silver's second prong was its only error, we would be inclined to vacate the FRO and remand for the court to make the requisite findings. However, we are required to reverse the FRO and remand for a new trial because the court did not advise defendant prior to the commencement of

trial that she had the right to retain legal counsel. As a result, the record lacks evidence establishing defendant knowingly waived her right to seek counsel.

As we explained in A.A.R. v. J.R.C., "[t]he right to seek counsel is an important due process right that affords defendants 'a meaningful opportunity to defend against a complaint in domestic violence matters[.]'" 471 N.J. Super. 584, 588 (App. Div. 2022) (second alteration in original) (quoting D.N., 429 N.J. Super. at 606). Defendants are not entitled to appointed counsel, but their due process right "to a meaningful opportunity to defend against a complaint," D.N., 429 N.J. Super. at 606, requires that they understand their "right to retain legal counsel" and "receive[] a reasonable opportunity to retain an attorney," A.A.R., 471 N.J. Super. at 588. Thus, due process "require[s] that a defendant understands that he or she has the right to retain legal counsel and receives a reasonable opportunity to retain an attorney." Ibid. Where, as here, "defendant was not advised in advance of trial that [s]he had the right to retain legal counsel," reversal of an FRO entered following trial is "require[d]." Id. at 589.

Accordingly, we reverse the FRO and remand for a new trial on plaintiff's complaint consistent with the requirements and guidance set forth in A.A.R. See id. at 588-89. We reinstate the TRO pending the outcome of the remand proceedings. Because we have ordered a new trial and the judge who presided

over the initial trial made credibility determinations, the retrial on remand shall be assigned to a different judge. See Entress v. Entress, 376 N.J. Super. 125, 133 (App. Div. 2005) (determining "[i]n an abundance of caution" that a remanded matter should be assigned to "a different judge for the plenary hearing to avoid the appearance of bias or prejudice based on the judge's prior involvement with the matter and his expressions" of doubt as to defendant's credibility). Our decision to reverse the FRO and remand for a new hearing shall not be interpreted as expressing an opinion on the merits of plaintiff's claims or any defenses that may be asserted by defendant.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2331-22