845 A.2d 1281 (2004)
368 N.J. Super. 338
George N. COHEN, Plaintiff-Appellant,
v.
Kirsten THOFT, Ted Nadeau and Princeton Borough Zoning Board of Adjustment, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued January 21, 2004.
Decided April 19, 2004.
*1282 George N. Cohen, appellant, argued the cause pro se.
Christopher S. Tarr, Princeton, argued the cause for respondents Kirsten Thoft and Ted Nadeau (Smith, Stratton, Wise, Heher & Brennan, attorneys; Mr. Tarr, of counsel; F. Clifford Gibbons, on the brief).
William T. Sutphin, Princeton, argued the cause for respondent Princeton Borough Zoning Board of Adjustment.
Before Judges SKILLMAN, COBURN[1] and FISHER.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
This is an appeal from a trial court's determination that an action in lieu of prerogative writs should be dismissed because it was filed three days beyond the fortyfive day period allowed under Rule 4:69-6(b)(3).
Defendants Kirsten Thoft and Ted Nadeau plan to construct a new deck and a second floor addition to a two-family house they own in Princeton Borough. The house is located in a zoning district with a 10,000 square foot minimum lot size. Since defendants' lot covers only 6,950 square feet, defendants were required to apply to the Princeton Borough Zoning Board of Adjustment for setback and coverage variances to permit the planned expansion of the house. At the hearing before the Board, plaintiff and two other neighbors testified in opposition to the application.
On July 25, 2002, the Board adopted a resolution approving the variance application. On July 26, 2002, defendants published notice of the approval in the Trenton Times, a newspaper distributed daily in Mercer County. On August 5, 2002, the Princeton Borough Zoning Officer, Frank Slimak, who was unaware defendants had already published notice of the approval, sent a letter to defendants which stated that the Borough anticipated publishing notice of the approval on August 9, 2002. Defendants did not respond to this letter or indicate to Slimak in any other way that they had already published the notice. As his letter had indicated, Slimak published notice of the approval on August 9, 2002 in the Princeton Packet, a bi-weekly newspaper distributed in the Princeton area.
Plaintiff filed this action in lieu of prerogative writs challenging the grant of the variance on September 12, 2002, which was within forty-five days of Slimak's publication of notice of the approval, but fortyeight days after the defendants' own July 26th publication of notice.
The defendants moved to dismiss plaintiff's complaint on the ground that it had not been filed within the forty-five day time period allowed under Rule 4:69-6(b)(3). The Board joined in the motion.
Plaintiff filed a certification in opposition to the motion, which stated in part:
8. From Monday, July 29, 2002, through August 7, 2002, I maintained regular telephone contact with Frank Slimak in order to be kept apprised of whether any notice of the Zoning Board's approval had been published. On August 7, 2002, at approximately 9:30 a.m., Frank Slimak called me and informed me that he intended to publish notice of the Zoning Board's approval in the August 9, 2002 issue of The Princeton Packet.
....
10. Prior to speaking with [defendants' counsel] on September 9, 2002, neither Slimak nor I had any knowledge *1283 or any indication from [defendants' counsel], Thoft, Nadeau or any other person, that any publication of the approval of the variances for the subject property had occurred prior to the notice published by the Zoning Board in The Princeton Packet on August 9, 2002....
11. At approximately 2 p.m. on September 9, 2002, I received a telephone call from Slimak informing me that he had just learned, much to his surprise, that Thoft and Nadeau had published notice in the July 26, 2002 edition of The Times of Trenton, of the Zoning Board's approval of their variance application. Slimak stated that he learned of this information from a telephone call he received that day from [defendants' counsel], on behalf of Thoft and Nadeau.
After hearing argument, the trial court granted defendants' motion to dismiss, stating in its oral opinion:
Rule 4:69-6(b)(3) establishes a strict 45 day filing deadline for the commencement of actions in lieu of prerogative writs....
....
The publication made by the defendant Thoft and Nadeau is the triggering event for the 45 day period as it was the first publication made after the adoption of the resolution.... [P]ursuant to N.J.S.A. [40:55(D)-10(i) ], the publication can be made either by the board or the applicant. Here the applicant properly made the publication.... [T]he plaintiff's reliance on the second publication was to his own detriment. Here the plaintiff was aware that the resolution had been adopted ... with changes and therefore was on notice that the publication could be made at any time thereafter....
Rule 4:69-6(c) allows the court to enlarge a deadline only where it is manifest that the interest of justice so requires. There are limited situations in which the Courts have found reason to enlarge the time for the filing of a complaint.
The plaintiff has not asserted any of those reasons here. Plaintiff has not asserted a substantial or novel constitutional question. There was not an ex parte determination by an administrative official in conjunction with this action. In fact, the plaintiff here was present at the hearings regarding the adoption of this variance. And three, this matter involves a private issue between neighbors and not one of public importance which would allow the Court to enlarge the time for the filing of the complaint.
On appeal, plaintiff argues that the time within which he was required to file a prerogative writ action challenging the variance did not begin to run on July 26, 2002, when defendants published notice of the Board's approval, because the final language of the Board's resolution was not drafted until a later date. Plaintiff also argues that defendants are estopped from relying upon their own publication of notice of the approval to trigger the time for filing a prerogative writ action because they failed to respond to Slimak's August 5th letter notifying them that he planned to publish notice on August 9, 2002.
We conclude that the notice of the Board's approval of the variance that defendants published on July 26, 2002, was valid, and therefore the time for bringing an action to challenge the approval began to run on that date. However, we also conclude that under all the circumstances of this case, including defendants' failure to respond to Slimak's August 5, 2002 letter notifying them that notice of the approval of their application would be published on August 9, 2002, "it is manifest that the interest of justice ... requires" a *1284 three-day enlargement under Rule 4:69-6(c) of plaintiff's time for filing this action.

I
The time for filing an action in lieu of prerogative writs to challenge the grant or denial of a land use application is governed by Rule 4:69-6(b)(3), which states in pertinent part:
No action in lieu of prerogative writs shall be commenced ... to review a determination of a ... board of adjustment... after 45 days from the publication of a notice once in the official newspaper of the municipality or a newspaper of general circulation in the municipality.... The notice shall state the name of the applicant, the location of the property and in brief the nature of the application and the effect of the determination or resolution (e.g., "VarianceStore in residential zone denied"), and shall advise that the determination or resolution has been filed in the office of the board or the municipal clerk and is available for inspection....
The publication of notice of a decision granting or denying an application for land use development is governed by N.J.S.A. 40:55D-10(i), which provides in pertinent part:
A brief notice of the decision shall be published in the official newspaper of the municipality, if there be one, or in a newspaper of general circulation in the municipality. Such publication shall be arranged by the applicant unless a particular municipal officer is so designated by ordinance; provided that nothing contained in this act shall be construed as preventing the applicant from arranging such publication if he so desires.... The period of time in which an appeal of the decision may be made shall run from the first publication of the decision, whether arranged by the municipality or the applicant.
The defendants' notice of the approval of their variance application published in the Trenton Times on July 26, 2002 stated:
Notice is hereby given that the following determination was made by the Princeton Borough Zoning Board of Adjustment and was adopted by Resolution of Memorialization on July 25, 2002.
Name of Applicant: Kirsten Thoft and Theodore Nadeau
Location: 253 Hawthorne Avenue, Block 31.03, Lot 49
Nature of Request Bulk variances to allow a second floor addition and new deck addition to an existing non-conforming two-family dwelling.
Determination Approved, subject to conditions
This Resolution and Findings of Facts are filed in the office of the Secretary of the Zoning Board of Adjustment and are available for public inspection.
This notice complied with the requirements of N.J.S.A. 40:55D-10(i). Therefore, it triggered the forty-five day period allowed under Rule 4:69-6(b)(3) for bringing an action to challenge the variance approval, unless there was a defect in the notice that is not evident on its face.
Plaintiff argues that the notice published by defendants was defective because the draft resolution approving their application was amended in various respects at the Board's July 25, 2002 meeting and a final resolution reflecting those amendments was not "formally drafted" or "available for public inspection" until sometime after July 26, 2002, when defendants published their notice. However, N.J.S.A. 40:55D-10(g)(2) provides that "the date of the adoption of the resolution [memorializing a municipal agency's vote on a land use application] shall constitute the date of the decision for purposes of the ... publications required by [N.J.S.A. 40:55D-10(i).]" *1285 The Board's resolution approving defendants' application, including amendments to the draft resolution, was adopted on July 25, 2002. Under N.J.S.A. 40:55D-10(g)(2), the date that the Board adopted this memorializing resolution was the date of the Board's decision, not the date when the Board's attorney completed the ministerial task of having the draft resolution re-typed in final form. Consequently, once the resolution was adopted on July 25, 2002, defendants were authorized to publish notice of that decision in accordance with N.J.S.A. 40:55D-10(i). See Island Club Condo. Homeowners Ass'n v. City of Atlantic City, 298 N.J.Super. 516, 524, 689 A.2d 865 (Law Div.1995). Therefore, defendants' publication of notice of the Board's resolution approving their variance application on July 26, 2002 triggered the forty-five day period allowed under Rule 4:69-6(b)(3) for filing an action in lieu of prerogative writs challenging that decision.

II
We next consider whether plaintiff was entitled to a three-day extension of that period. Initially, we note that plaintiff's argument rests on the doctrines of estoppel and unclean hands rather than Rule 4:69-6(c), which authorizes a trial court to enlarge the time for filing an action in lieu of prerogative writs "in the interest of justice." However, the trial court treated plaintiff's arguments as an application for an enlargement of time under Rule 4:69-6(c) and concluded that plaintiff was not entitled to such relief because this action does not involve a substantial and novel constitutional question, an ex parte determination by an administrative official, or a matter of public interest. We agree with the trial court that plaintiff's arguments are most appropriately viewed as arguments supporting an enlargement of time under Rule 4:69-6(c).
The 1947 New Jersey Constitution conferred authority upon the Supreme Court of New Jersey to adopt rules governing actions in lieu of prerogative writs:
Prerogative writs are superseded and, in lieu thereof, review, hearing and relief shall be afforded in the Superior Court, on terms and in the manner provided by rules of the Supreme Court, as of right, except in criminal causes where such review shall be discretionary.
[N.J. Const. art. 6, § 5, para. 4.]
In the exercise of this authority, the Court adopted rules that imposed various time limits on the filing of prerogative writ actions. The rules did not initially confer any authority upon a trial court to grant an enlargement of those time limits. Nevertheless, the courts soon recognized various exceptions to the rigid time limits of the rules. See Schack v. Trimble, 28 N.J. 40, 47-48, 145 A.2d 1 (1958). "These exceptions included cases involving (1) important and novel constitutional questions; (2) informal or Ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification." Brunetti v. Borough of New Milford, 68 N.J. 576, 586, 350 A.2d 19 (1975) (emphasis added).
In 1957, the Court adopted the predecessor to Rule 4:69-6(c), which contained the same "interest of justice" standard as the current rule. Schack, supra, 28 N.J. at 48, 145 A.2d 1. The Court described this new rule as "an attempt to restate in the form of a generalized standard, decisional exceptions which had already been engrafted upon the rule." Ibid. The Court also indicated that this new rule provided "more flexible criteria" for determining when a prerogative writ action that had not been brought within the applicable time period should nonetheless be heard. *1286 Oldfield v. Stoeco Homes, Inc., 26 N.J. 246, 262, 139 A.2d 291 (1958).
This court has recognized that when a case falls within one of the three categories of cases identified in Brunetti, in which courts declined to apply the rigid time limits on prerogative writ actions even before adoption of the predecessor to Rule 4:69-6(c), a trial court "may grant even a very substantial enlargement of the time in order to afford affected parties an opportunity to challenge the alleged unlawful governmental action." Willoughby v. Planning Bd. of Deptford, 306 N.J.Super. 266, 276, 703 A.2d 668 (App.Div.1997); see, e.g., Borough of Princeton v. Bd. of Chosen Freeholders of Mercer County, 169 N.J. 135, 152-56, 777 A.2d 19 (2001); Damurjian v. Bd. of Adjustment of Colts Neck, 299 N.J.Super. 84, 97-98, 690 A.2d 655 (App.Div.1997). However, neither the Supreme Court nor this court has ever held that a party seeking an enlargement of time under Rule 4:69-6(c) must show that a case falls within one of those categories. To the contrary, the Court in Brunetti indicated that the exceptions to the rigid time limits on the bringing of a prerogative writ action recognized before adoption of the predecessor to Rule 4:69-6(c) merely "included" those categories of cases, 68 N.J. at 586, 350 A.2d 19, and the Court that adopted the generalized standard set forth in Rule 4:69-6(c) said that it intended to provide "more flexible criteria" than under the prior practice for determining when there should be an enlargement of the time for bringing a prerogative writ action. Oldfield, supra, 26 N.J. at 262, 139 A.2d 291. Moreover, we held in Adams v. DelMonte, 309 N.J.Super. 572, 580-82, 707 A.2d 1061 (App.Div.1998) that an enlargement of time for bringing a prerogative writ action was required in the interest of justice even though that case did not fall within one of the three categories of cases identified in Brunetti. Therefore, the trial court erred in concluding that plaintiff was not entitled to an enlargement of time because his case did not fall within any of those categories.
The evidence plaintiff presented in opposition to defendants' motion to dismiss makes it "manifest that the interest of justice ... requires" a three-day enlargement of the time for bringing this action. This evidence includes, most significantly, the August 5, 2002 letter to defendants from the municipal Zoning Officer, Frank Slimak, which stated in pertinent part:
This is to confirm that at meeting # 717 held on July 25, 2002, the Princeton Borough Zoning Board of Adjustment adopted by Resolution of Memorialization, a decision approving a variance from the terms of Section 17A-246 of the Princeton Borough Land Use Ordinance to permit the construction of a second floor addition and new first floor deck on the above referenced property.
We wish to call your attention to the fact that this decision is subject to appeal in the Courts for a period of 45 days from the date of publication of same. We anticipate a publication date of this decision to be August 9, 2002.
Although plaintiff did not receive a copy of this letter, Slimak told him by telephone that he planned to publish the notice that would trigger the forty-five day period for challenging the variance approval on August 9, 2002, and plaintiff subsequently saw that notice in a Princeton newspaper. Because defendants did not respond to Slimak's August 5, 2002 letter, neither Slimak nor plaintiff became aware until September 9, 2002 that defendants had published their own notice. Plaintiff filed this action only three days later, on September 12, 2002. Therefore, plaintiff did not "slumber on [his] rights," Schack, 28 N.J. at 49, 145 A.2d 1, but instead reasonably relied upon his communications with Slimak in assuming that the August 9, 2002 *1287 notice published by Slimak was the official notice that triggered the forty-five day period for challenging the variance approval. Moreover, defendants suffered no prejudice as a result of plaintiff filing this action three days beyond expiration of the forty-five day period triggered by defendants' notice of approval. Under these circumstances, it would be a miscarriage of justice to deprive plaintiff of a hearing on the merits of his challenge to the variance.
Accordingly, we reverse the order dismissing plaintiff's complaint and remand the case to the trial court.
NOTES
[1] Judge Coburn did not participate in the oral argument but has participated with the consent of the parties in the disposition of the appeal.