917 A.2d 796 (2007)
391 N.J. Super. 181
Theodore GREGORY, Whitebrier Beach Club, Inc., and Anthony Zurawski, Plaintiffs-Appellants,
v.
BOROUGH OF AVALON, Borough of Avalon Planning/Zoning Board and Dilbet, Inc., t/a Windrift Hotel/Resort, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued October 4, 2006.
Decided March 16, 2007.
*798 Mary D'Arcy Bittner, argued the cause for appellants.
Stephen D. Barse, Vineland, argued the cause for respondent Borough of Avalon (Gruccio, Pepper, DeSanto & Ruth, attorneys; Mr. Barse, on the brief).
John R. Armstrong, Sea Isle City, argued the cause for respondent Borough of Avalon Planning/Zoning Board (Cooper Levenson April Niedelman & Wagenheim, attorneys; Howard E. Drucks, Atlantic City and Mr. Armstrong, on the brief).
William R. Serber, Ocean City, argued the cause for respondent Dilbet, Inc., t/a Windrift Hotel/Resort (Serber Konschak, attorneys; Amy L. Houck, on the brief).
Before Judges SKILLMAN, HOLSTON, JR. and GRALL.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
This appeal involves the appropriateness of an enlargement of time for bringing an action in lieu of prerogative writs to challenge resolutions of a municipal governing body that are closely related to a subsequent resolution of the zoning/planning board that was challenged in a timely manner in the same action.
Defendant Dilbet, Inc., is the owner of a beachfront motel called the Windrift, located between 79th and 80th Streets in Avalon. The facility, which was constructed in 1966, currently has eighty-five motel rooms, a pool, a sundeck and a bar/restaurant located on the first floor.
On December 23, 2003, Dilbet applied to defendant Borough of Avalon Planning/Zoning Board for preliminary and final site plan approval for an expansion of its facility that would include construction of a second-floor, all-weather pavilion for wedding and conference use. At the same time, Dilbet also applied for variances from the setback requirements of the municipality's zoning and dune protection ordinances, conditional use variances, parking variances and design waivers.
In connection with Dilbet's application, Dilbet and Avalon conducted land surveys, which revealed that some of the Windrift's parking spaces encroached upon the municipality's street right-of-ways and that some portion of the Windrift encroached on dunes owned by the municipality. Specifically, the surveys showed that the roof eave of the restaurant and bar overhung municipal property, a wall of a separate building containing a restroom encroached on municipal property, and a pedestrian *799 sidewalk, certain water and sewer lines, a seasonal beach stand and an identification sign were constructed on municipal property.
Before the Board heard Dilbet's application, the Avalon governing body adopted a resolution on January 28, 2004, authorizing the Mayor to enter into an agreement that would allow Dilbet to continue using the parking spaces that encroach upon the municipality's right-of-ways. The resolution stated that Dilbet had agreed to maintain the parts of the right-of-ways utilized by cars that park at the Windrift, to indemnify Avalon for any claims arising from any unsafe condition in these parts of the right-of-ways, and to obtain insurance coverage for the municipality's potential liability for such claims.
On February 25, 2004, the governing body adopted another resolution authorizing the Mayor to enter into an agreement that would grant Dilbet a license under which the roof eave of the restaurant and bar, the wall of the restroom building, a portion of the pedestrian sidewalk and the water and sewer lines could remain on the municipality's property. The agreement also required Dilbet to remove the beach stand, the identification sign and a portion of the sidewalk, dedicate other portions of the sidewalk for public use and make the restroom building available for public use on a seasonal basis. In addition, Dilbet agreed to provide insurance and indemnify Avalon for any liability arising from the encroachments upon its property.
The Mayor executed the agreement licensing Windrift's dune encroachments (the "dune agreement") on February 25, 2004, and executed the agreement allowing the continued use of the parking spaces encroaching upon the street right-of-ways (the "parking agreement") on April 6, 2004.
On that same day, the Board began the hearing on Dilbet's application for approval of the site plan and associated bulk variances for the Windrift's proposed expansion. In its presentation before the Board, Dilbet relied upon the parking and dune agreements.
At the conclusion of the hearing, the Board voted to approve Dilbet's application. On June 1, 2004, the Board considered a resolution memorializing the approval. However, counsel for the Board and Dilbet subsequently noted several minor errors in the memorializing resolution. Consequently, the Board adopted a revised memorializing resolution at its July 6, 2004 meeting.
On that same date, plaintiffs Whitebrier Beach Club, Inc., the owner of another restaurant and bar in Avalon, Anthony Zurawski, Whitebrier's President, and Theodore Gregory, the owner of a condominium in a building adjacent to the Windrift, submitted an application for reconsideration of the Board's approval of Dilbet's application. This application was based primarily on a transcript of a hearing before the Avalon governing body on Dilbet's application for renewal of its liquor license, which allegedly showed that Dilbet had made misrepresentations before the Board on its application for site plan approval. The chairman of the Board acknowledged receipt of plaintiffs' application, but stated that the Board had not yet had an opportunity to review the transcript and other documents plaintiffs had submitted. Consequently, he advised plaintiffs' counsel that the application would be considered at some future date, after the Board and its counsel had reviewed plaintiffs' submission and Dilbet had been afforded an opportunity to respond. However, the Board never ruled on plaintiffs' application for reconsideration.
*800 On July 26, 2004, plaintiffs filed this action in lieu of prerogative writs challenging the Avalon governing body's resolutions authorizing the dune and parking agreements and the Board's resolution granting Dilbet's application for the site plan approval and associated variances required to expand the Windrift. Plaintiffs' complaint asserted, among other things, that the resolutions authorizing the parking and dune agreements were ultra vires.
Avalon moved to dismiss the counts of plaintiffs' complaint challenging those resolutions on the ground that the action had not been filed within the forty-five day limitations period established by Rule 4:69-6(a). Plaintiffs opposed the motion on the grounds that the resolutions were ultra vires and had not been published after they were adopted, and therefore, an action challenging their validity was not subject to the forty-five day limitations period. The trial court rejected this argument and dismissed as untimely the counts of plaintiffs' complaint challenging the resolutions authorizing the parking and dune agreements.
The trial court subsequently rejected plaintiffs' challenge to the Board's resolution granting Dilbet's application for site plan approval and the associated variances, concluding that the resolution was supported by sufficient evidence and was not arbitrary and capricious. The court declined to consider the evidence plaintiffs had presented to the Board in support of their application for reconsideration because it was not part of the administrative record.
Plaintiffs appeal both from the dismissal of their challenge to the parking and dune agreements and from the rejection of their challenge to the Board's grant of the site plan approval and associated variances required for the expansion of the Windrift. We conclude that the forty-five day period for challenging the resolutions authorizing the parking and dune agreements should be extended in the interest of justice. We also conclude that the Board's approval of Dilbet's application must be remanded to the Board for reconsideration in light of the trial court's decision on plaintiffs' challenge to the parking and dune agreements and the evidential materials submitted by plaintiffs in support of their motion for reconsideration. Accordingly, the judgment dismissing plaintiffs' complaint is reversed.

I
Rule 4:69-6(a) provides:
No action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to the review, hearing or relief claimed[.][1]
However, Rule 4:69-6(c) provides:
The court may enlarge the period of time provided in paragraph (a) . . . of this rule where it is manifest that the interest of justice so requires.
Our courts have recognized three categories of cases in which a trial court may grant even a very substantial enlargement of time under Rule 4:69-6(c): "cases involving (1) important and novel constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification." Borough of Princeton v. Bd. of Chosen Freeholders of Mercer Cty., 169 N.J. 135, 152, 777 A.2d 19 (2001) (quoting Brunetti v. Borough of New Milford, 68 N.J. 576, 586, 350 A.2d 19 (1975)); see Willoughby v. *801 Planning Bd. of Deptford, 306 N.J.Super. 266, 276, 703 A.2d 668 (App.Div.1997). However, a trial court's authority to grant an enlargement of time under Rule 4:69-6(c) is not limited to these three categories of cases. Cohen v. Thoft, 368 N.J.Super. 338, 345-47, 845 A.2d 1281 (App.Div.2004). Even if a case involves purely private interests, a court may conclude that the "interest of justice" warrants an enlargement of the forty-five day period. Id. at 346-47, 845 A.2d 1281. Whenever an application is made for such an enlargement, a court must weigh the public and private interests that favor an enlargement against "the important policy of repose expressed in the forty-five day rule." Borough of Princeton v. Bd. of Chosen Freeholders of Mercer Cty., supra, 169 N.J. at 152-53, 777 A.2d 19 (quoting Reilly v. Brice, 109 N.J. 555, 559, 538 A.2d 362 (1988)); see also Tri-State Ship Repair & Dry Dock Co. v. City of Perth Amboy, 349 N.J.Super. 418, 423-24, 793 A.2d 834 (App. Div.), certif. denied, 174 N.J. 189, 803 A.2d 1161 (2002).
Plaintiffs did not move before the trial court for an enlargement of the time for challenging the parking and dune agreements but instead argued that the forty-five day limit of Rule 4:69-6(a) does not apply because the agreements were ultra vires and had not been published. However, if warranted by the factual circumstances, a court may grant an enlargement of time under Rule 4:69-6(c) even though plaintiffs have relied upon other arguments to avoid dismissal of their action as untimely. See Cohen v. Thoft, supra, 368 N.J.Super. at 344-45, 845 A.2d 1281; see also Reilly v. Brice, supra, 109 N.J. at 560, 538 A.2d 362. Moreover, both Dilbet and Avalon addressed the appropriateness of an enlargement of time under Rule 4:69-6(c) in their answering briefs.
We are satisfied that a proper weighing of the public and private interests implicated in plaintiffs' challenge to the parking and dune resolutions and Dilbet's and Avalon's interests in repose leads to the conclusion that plaintiffs' claims should be decided on their merits. There are obvious public interests in any authorization for a private property owner to encroach upon a public beach area or property dedicated to a street right-of-way, even if those encroachments are relatively minor. There also are significant public interests in the issues presented by plaintiffs' challenge to the resolutions authorizing the parking and dune agreements, including whether a municipality can authorize private use of public property only by ordinance, and not, as was done in this case, by resolution.
Dilbet does not suggest that it suffered any prejudice as a result of plaintiffs' delay in challenging the parking and dune agreements. In fact, Dilbet did not become aware of the need for those agreements until land surveys conducted in connection with its application for the land use approvals required for the proposed expansion of the Windrift revealed the encroachments upon the municipal beach area and street right-of-ways. The Board did not approve Dilbet's application until July 6, 2004, and neither Dilbet nor the Board questions the timeliness of the part of plaintiffs' complaint that challenges the Board's decision. Therefore, we perceive no prejudice to Dilbet or Avalon in requiring them to defend not only the Board's approval but also the governing body's authorization for the related agreements between Dilbet and the municipality.
Moreover, a close relationship between the actions of different agencies of municipal government is a circumstance that weighs in favor of an enlargement of time for challenging the action of the agency *802 that acted first. In Adams v. DelMonte, 309 N.J.Super. 572, 707 A.2d 1061 (App.Div.1998), a property owner seeking authorization to conduct a septic cleaning service had to apply both to the Zoning Board for a determination that this business activity constituted a "home occupation" that qualified as a conditional use and to the Planning Board for approval of the conditional use. The property owner's neighbors, who objected to the proposed use, did not bring an action in lieu of prerogative writs challenging the Zoning Board's determination until after the Planning Board had also issued a final decision. This action was filed within forty-five days of the Planning Board's decision but more than nine months after the Zoning Board's decision. We concluded that even though the neighbors' challenge to the Zoning Board's decision was untimely, id. at 578-80, 707 A.2d 1061, the time for that challenge should be enlarged under the "interest of justice" exception provided by Rule 4:69-6(c). In reaching this conclusion, we noted that "[t]he full nature and extent of [the septic cleaning] operation did not become apparent until the Planning Board adopted its resolution[,]" and the property owner "was not prejudiced by plaintiffs' delay" because he "knew all along that he needed Planning Board authority to continue his operation[.]" Id. at 582, 707 A.2d 1061.
There is a similar close relationship between the Avalon governing body's resolutions authorizing the parking and dune agreements and the Board's resolution granting the land use approvals required for Dilbet's proposed expansion of the Windrift. In fact, the Board relied on the agreements in concluding that Dilbet had the "site control" of the location of the proposed expansion and parking spaces required for the Board to consider those approvals. In addition, Dilbet knew that it had to obtain the Board's approval for the expansion before it could take full advantage of the rights it obtained under the parking and dune agreements.
Therefore, we conclude that the interest of justice warrants an enlargement of the period for challenging the parking and dune agreements because they involve significant public interests and the resolutions authorizing their execution were closely related to the land use approvals plaintiffs challenged in a timely manner.

II
At the hearing before the Board, Dilbet presented evidence that its present facility was constructed in 1966. Dilbet's witnesses did not indicate there had been any expansion of the facility after the original construction. Based on this evidence, the Board's resolution approving Dilbet's application concluded that "[s]ince Applicant's existing structure was constructed prior to adoption of Ordinance Section 27-7.3K which mandates the 10 foot separation from the established dune line, the imposition of this zoning requirement in connection with the minimal improvement proposed by Applicant on the second floor of the existing structure would result in `peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon' Applicant as envisioned by N.J.S.A. 40:55D-70c(1)(c)." Dilbet's witnesses also testified that its valet parking service adequately accommodates the parking needs of the Windrift's patrons on-site and at other private facilities with which it has made arrangements. Based on this evidence, the Board found that "[a]pplicant has previously conducted its business operations through a system of on-site parking which has provided for sufficient utilization of available parking spaces with adequate driveway access aisles."
*803 In support of their application for reconsideration, plaintiffs presented the transcript of a hearing before the governing body on Dilbet's application for a renewal of its liquor license, which had been held on June 25, 2004, only eleven days before plaintiffs submitted their application. Plaintiffs alleged that the evidence presented at this hearing indicated that the Windrift had been expanded in the mid-1980's without the required land use agency approvals and that its valet parking service uses public streets to park cars. The Board chairman stated at the conclusion of the July 6, 2004 meeting that the Board would review the materials plaintiffs had submitted and consider their application at some future date. However, the Board never acted upon the application.[2]
Plaintiffs subsequently attempted to supplement the record before the trial court with the same materials they had submitted to the Board. However, the court refused to consider those materials on the ground that they were not part of the administrative record.
We conclude that Dilbet's application for the site plan and other approvals required for the expansion of its facility should now be remanded to the Board for two reasons. First, we have reversed the trial court's dismissal of plaintiffs' challenge to the parking and dune agreements. The Board relied upon the validity of those agreements in reviewing Dilbet's application. Consequently, if the trial court were to decide that one or both of those agreements is invalid, the Board would have to determine the effect of that decision upon its approval of Dilbet's application. Second, we conclude that the evidential materials plaintiffs submitted in support of their application for reconsideration should be reviewed by the Board to determine the effect, if any, of the information contained therein upon the findings and conclusions underlying the Board's approval.
Accordingly, the judgment of the trial court is reversed, and the case is remanded to the Law Division for a determination on the merits of plaintiffs' challenge to the parking and dune agreements and for the Board to reconsider Dilbet's application for the site plan and other approvals required for expansion of the Windrift in light of the court's disposition of the challenge to the agreements and the evidential materials plaintiffs submitted in support of their application for reconsideration. Jurisdiction is not retained.
NOTES
[1] Rule 4:69-6(b) provides different limitation periods for the particular kinds of actions in lieu of prerogative writs described therein. None of those provisions apply to this case.
[2] The Board's counsel indicated at oral argument that the Board failed to act upon plaintiffs' application because it was divested of jurisdiction by the filing of this action. However, the Board or any other party could have moved for a limited remand to afford the Board an opportunity to rule upon the application. See R. 2:9-1(a).