**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0997-19

JOHN COLLINS and
ANIMAL PROTECTION
LEAGUE OF NEW JERSEY,

      Plaintiffs-Appellants,

v.

RARITAN TOWNSHIP,
JEFF KUHL, in his capacity
as Mayor of Raritan Township,
LOU REINER, KAREN GILBERT,
GARY HAZARD, and MICHAEL
MANGIN, in their capacities as
Raritan Township Committee
Members,

      Defendants-Respondents.

_____

Argued November 12, 2020 - Decided May 11, 2021

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. L-0271-19.

Doris Lin argued the cause for appellants.

Joseph V. Sordillo argued the cause for respondents (DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, PC, attorneys; Joseph V. Sordillo, of counsel and on the brief).

PER CURIAM

Plaintiffs John Collins and the Animal Protection League of New Jersey appeal from a final order dismissing their complaint in lieu of prerogative writs against defendant Raritan Township and its Township Committee as time-barred. Because we agree the complaint is time-barred, we affirm.

On March 19, 2019, defendant Raritan Township adopted two resolutions, numbers 19-79 and 19-80, awarding four licenses, following public bid, for the bow hunting of deer on several municipally-owned properties, including Urbach Farm, which borders plaintiff John Collins' home. The licenses were for a two-year period running from May 1, 2019 to April 30, 2021, and were executed on different dates between March 27 and April 24, 2019. On July 1, 2019, Collins and the Animal Protection League of New Jersey filed an action in lieu of prerogative writs to invalidate the resolutions and void the licenses.

Collins claimed the terrain of Urbach Farm forced hunters close to other properties, and that hunting there had resulted in his house being hit with shotgun slugs in the past. After bow hunting began under the Township-issued licenses, he had heavy equipment stolen from his property, found hunters had

2

illegally cut down trees and built trails on the Township's land, and that a deer feeder and a hunting stand had been placed dangerously close to his property in a farm field where local residents often walked with dogs. Plaintiffs claimed defendants' actions in licensing hunting on Urbach Farm endangered public safety; that the purported need to cull the deer population was not supported by any data and was, thereby, arbitrary and capricious; and that the award of hunting licenses to the highest bidder violated the public trust.

Defendants Raritan Township, its mayor and committee members filed a motion to dismiss with prejudice pursuant to Rule 4:6-2(e), contending plaintiffs' complaint was time-barred under Rule 4:69-6(a), because it was filed beyond the forty-five-day limitations period for challenging municipal action. Specifically, defendants claimed plaintiffs' complaint was filed 104 days after adoption of the challenged resolutions. Plaintiffs, conceding their complaint was filed beyond the forty-five-day limitations period due to a misunderstanding by their counsel about when the resolutions would be considered by the Township Committee,[1] filed a cross-motion to enlarge the time for filing in the public interest pursuant to Rule 4:69-6(c). See Brunetti v. Borough of New Milford, 68 N.J. 576, 586-87 (1975).

---

[1] Plaintiffs do not contend the mix-up was the Township's fault.

A-0997-19

The trial judge granted defendants' motion to dismiss the complaint with prejudice as untimely and denied plaintiffs' cross-motion, finding plaintiffs' complaint did not implicate the public interest, and plaintiffs were not otherwise entitled to relief in the interest of justice. See Cohen v. Thoft, 368 N.J. Super. 338, 345-47 (App. Div. 2004). Plaintiffs appeal, contending the trial court erred in finding their complaint untimely; in granting defendant's motion to dismiss; and, in the event the complaint was untimely, in failing to enlarge the time for filing.

At oral argument before us, defendants' counsel advised that the Township had weeks earlier permanently terminated the license of the club authorized to hunt Urbach Farm based on violations of the license agreement, including failure to pay the full amount of the license fee and violations of that section of the agreement prohibiting the cutting of trees and construction of trails. The Township specifically noted the club's use of all-terrain vehicles on the property, for which the licensee had been previously cited by the Township's police department. The hunting club was ordered to remove any deer stands or other equipment from the property.

We review the grant of a motion to dismiss a complaint de novo, using the same standard that governs the trial court. Smerling v. Harrah's Ent. Inc., 389

4

N.J. Super. 181, 186 (App. Div. 2006); Seidenberg v. Summit Bank, 348 N.J. Super. 243, 250 (App. Div. 2002).  Our inquiry is thus limited to determining "the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989).

Rule 4:69-6 controls the time limitations for filing an action in lieu of prerogative writs.  Subsection (a), titled "General Limitation," provides that "[n]o action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to the review, hearing or relief claimed, except as provided by paragraph (b) of this rule." R. 4:69-6(a).  While subsection (a) of the rule does not generally define accrual, leaving the question to the substantive law, Harrison Redevelopment Agency v. DeRose, 398 N.J. Super. 361, 401 (App. Div. 2008), subsection (b), titled "Particular Actions," establishes when the forty-five-day period commences for several specific types of challenges to municipal action, see Meglino v. Twp. Comm. of Eagleswood Twp., 197 N.J. Super. 296, 302 (App. Div. 1984), rev'd on other grounds, 103 N.J. 144 (1986); R. 4:69-6(b)(1)-(11).

As the Supreme Court has explained, "[s]ubsection (a) acknowledges a general limitations period of forty-five days," and "[s]ubsection (b) qualifies that broad limitation, detailing eleven specific exceptions to the general rule, the

A-0997-19

applicability of which are determined based on the nature or context of the challenge." Hopewell Valley Citizens' Grp., Inc. v. Berwind Prop. Grp. Dev. Co., 204 N.J. 569, 580 (2011). Subsection (c) of the rule permits a court to "enlarge the period of time provided in paragraph (a) or (b) . . . where it is manifest that the interest of justice so requires." R. 4:69-6(c).

There is no dispute that the resolutions plaintiffs challenge in their complaint were adopted by the Township Committee on March 19, 2019. Although plaintiffs initially conceded the complaint was out-of-time because it was filed 104 days after that date, they subsequently orally argued to the trial court, and contend on appeal, that their complaint was timely because it was filed exactly forty-five days after the Township responded to an OPRA request for the executed contracts, relying on Hopewell Valley. We reject that argument for three reasons.

First, plaintiffs did not file the OPRA request seeking the executed contracts for the 2019-2020 hunting season. According to them, it was filed by a "sometimes volunteer[] for" plaintiff Animal Protection League "conducting her own independent investigation into the Raritan deer hunt." In addition to the executed contracts, the requestor sought the "Raritan Deer Harvest Report for the 2018-2019 deer hunting season," including "days afield, harvest quota

and the number of antlerless, antlered and fetuses killed during the 2018-2019 deer hunting season for each hunting club and private hunters," and the "Final Deer Management Annual Report for the 2018-2019 deer hunting season." We fail to see how the Township's response to an OPRA request lodged by someone else tolled plaintiffs' time to challenge the resolutions authorizing the deer hunt under Rule 4:69-6(a).

Second, Hopewell Valley involved an objector's challenge to a land use approval granted by the planning board. 204 N.J. at 571. There, the Borough inadvertently misled an objector wishing to file an action in lieu of prerogative writs by failing to advise that the developer had published the notice of approval required by statute almost a week before the Planning Board published its own notice. Because Rule 4:69-6(b)(3) requires a prerogative writs action challenging a land use approval to be filed "within forty-five days of the first notice published," the objector's reliance on the Board's advice resulted in a late-filed complaint. Id. at 577.

This case does not involve a challenge to a land use approval under subsection (b)(3). It is controlled by subsection (a) of Rule 4:69-6, not (b) as in Hopewell Valley. Neither the Township nor the hunting clubs had any obligation to publish notice of the execution of the license agreements, and

A-0997-19

plaintiffs do not contend there was any flaw in the procedure surrounding notice of the Township's adoption of the resolutions they challenge.[2] Hopewell Valley, a planning board case, does not control plaintiffs' challenge to resolutions passed by the Township Committee authorizing a deer hunt on municipal lands and awarding licenses to the highest bidder.

Third, the Court in Hopewell Valley held the complaint by the plaintiff there was untimely. The Court found the complaint in that case, like this one, was filed beyond the forty-five-day period permitted by Rule 4:69-6. Hopewell Valley, 204 N.J. at 577. The case provides no assistance to plaintiffs in their argument that their complaint was timely filed. We accordingly turn to plaintiffs' argument that the court erred in finding enlargement of the forty-five-day limitations period unwarranted.

Plaintiffs contend the court erred in denying their motion to enlarge the time for filing because "[t]he violations of Collins' rights and the public's rights have been continuing and serious." We disagree.

---

[2] Even if plaintiffs' claims accrued on execution of the licenses, instead of passage of the resolutions, a proposition of which we are not convinced, their complaint would still be untimely, because it was filed sixty-eight days after execution of the last license agreement.

As to Collins, plaintiffs do not dispute that the Township ended hunting on Urbach Farm adjoining his property more than six months ago. Collins is thus not subject to any continuing harm from the Township's actions. Neither is the public harmed in any continuous fashion by licenses that permitted hunting for a two-year term that ends April 30, 2021. We agree with the trial court that plaintiffs have simply not been subject to the sort of continuing violation the Court has recognized would warrant enlargement of the forty-five-day limitations period under Rule 4:69-6(c) by the Township's authorization of these license agreements. See Borough of Princeton v. Bd. of Chosen Freeholders of Cnty. of Mercer, 169 N.J. 135, 153 (2001) (enlarging the period to challenge municipal solid waste contracts exceeding the maximum duration allowed by the Local Public Contracts Law by ten and fourteen years).

Because plaintiffs are suffering no continuous violation by these limited-term leases and they cannot show they were in anyway misled by the Township as to the accrual of their cause of action as was the objector in Hopewell Valley, enlargement of the forty-five-day period was not warranted in the "interest of justice" under Rule 4:69-6(c).

9

Plaintiffs remaining arguments are without sufficient merit to warrant discussion in a written opinion.[3]  See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3]  We agree with plaintiffs the trial court erred in citing an unpublished case in its written statement of reasons.  Although we are confident the court understood "[n]o unpublished opinion shall constitute precedent or be binding upon any court," Rule 1:36-3 further states that "except to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law, no unpublished opinion shall be cited by any court."  Nothing prevents a court "from acknowledging the persuasiveness of a reasoned decision on analogous facts," but it may not be cited by the judge.  Sauter v. Colts Neck Volunteer Fire Co. No. 2, 451 N.J. Super. 581, 600 (App. Div. 2017).  Because the court made clear it was not bound by our unpublished case, we find the error harmless.

A-0997-19