**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0932-23
                    A-0954-23

GAVIN ROZZI and REGINA
DISCENZA,

      Plaintiffs-Appellants,

v.

LACEY TOWNSHIP BOARD
OF EDUCATION, SHAWN
GIORDANO, HAROLD
"SKIP" PETERS, LINDA
DOWNING, FRANK PALINO,
and NICHOLAS MIRANDI,

      Defendants-Respondents.

_____

Submitted October 7, 2024 – Decided January 21, 2025

Before Judges Berdote Byrne and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0674-23.

Gavin Rozzi and Regina Discenza, appellants pro se.

Capehart & Scatchard, PA, attorneys for respondents (Geoffrey N. Stark, of counsel and on the brief).

PER CURIAM

Plaintiffs Gavin Rozzi and Regina DiScenza appeal from trial court orders dismissing the underlying complaint without prejudice and granting defendants' motion to quash subpoenas. For reasons that follow, we affirm the trial court's rulings.

I.

In the summer of 2019, DiScenza was a member of the Lacey Township Board of Education and Rozzi was a candidate for the Board. Several Board members individually communicated with former Board president, Shawn Giordano, expressing their apprehension regarding Rozzi's political journalism and DiScenza's election-related conduct. Specifically, defendants focused on Rozzi's purported penchant for filing Open Public Records Act ("OPRA"), N.J.S.A. 47:1A-1 to -13, requests for Board records and disclosing them to the public. They were also concerned about DiScenza's public endorsement - without disclaimer - of political candidates in her capacity as a Board member.

In December 2019, Giordano engaged counsel to investigate plaintiffs at a Board meeting where legal expenses were approved for the investigation. As a meeting attendee, DiScenza was present and alerted to being the subject of investigation. Rozzi learned of the investigation through a response to an OPRA

A-0932-23

request he filed the same month. Plaintiffs filed complaints with the School Ethics Commission against Giordano, alleging his engagement of Board counsel violated the School Ethics Act, N.J.S.A. 18A:12-21 to -34. In turn, Giordano presented certifications by Board members at ethics hearings before the Office of Administrative Law confirming the members' internal communications regarding plaintiffs' conduct.

In March 2023, more than three years after the Board meeting, plaintiffs filed a complaint in lieu of prerogative writ and order to show cause against defendants, alleging violations of OPMA and seeking injunctive relief.[1] Plaintiffs alleged the internal communications, considered collectively, constituted "serial meetings" which permit "members of a public body, in numbers less than a quorum, to discuss and reach a consensus regarding action on public business privately" to be in violation of OPMA. Defendants filed a motion to dismiss on statute of limitation ("SOL") grounds and plaintiffs cross-moved for summary judgment.

At the first hearing, the trial court held the applicable forty-five day SOL "did not begin to run until [plaintiffs] found out about the potential violation of

---

[1] Plaintiffs also alleged violations of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, which the trial court dismissed. Because plaintiffs did not raise this issue on appeal, our discussion is limited to the OPMA claim.

[OPMA]" in March 2023. The court denied defendants' motion to dismiss and plaintiffs' cross-motion for summary judgment, and granted plaintiffs' request for preliminary injunctive relief. Thereafter, Rozzi served subpoenas on Verizon Wireless and T-Mobile, seeking detailed telephone records and text messages of defendants and a non-party for a seven-month period in 2019.

In its final order, the court granted defendants' motion for reconsideration, dismissed the complaint, and held the SOL began to run when the action of hiring counsel at the non-conforming meeting was made public pursuant to OPMA. Pertinently, the "authorization of the investigation and the payment of fees as a result of that investigation [is what] started the clock ticking." The court declined to address whether the internal communications constituted a meeting under OPMA. The court granted the motion to quash, finding Rozzi did not demonstrate a compelling need for personal telephone records and could substantiate his argument by less intrusive means.

II.

On appeal, plaintiffs argue the trial court erred in granting the motion for reconsideration and the motion to dismiss, maintaining the complaint was timely filed. In the alternative, they argue the "turn square corners" doctrine, Rule 4:69-6(c), and equitable tolling would warrant an enlargement of the SOL. Finally, plaintiffs contend the trial court erred in finding that the

certifications did not describe a meeting under OPMA and abused its discretion in quashing the subpoenas. For reasons that follow, we affirm the trial court's order dismissing plaintiffs' complaint without prejudice for failure to satisfy the applicable statute of limitations and decline to address the remaining issues.

Motion for Reconsideration

The trial court's findings on a motion for reconsideration will not be disturbed on appeal unless there is a clear abuse of discretion. State v. Puryear, 441 N.J. Super. 280, 294 (App. Div. 2015). A motion for reconsideration of an interlocutory order may be granted "in the interest of justice." R. 4:42-2. To the extent the issues involve questions of statutory interpretation or application of a statute of limitations, this court's review is de novo. McGovern v. Rutgers, 211 N.J. 94, 108 (2012); Save Camden Pub. Sch. v. Camden City Bd. of Educ., 454 N.J. Super. 478, 487-88 (App. Div. 2018). To determine and effectuate the legislature's intent, "we look first to the plain language of the statute and give it its ordinary meaning." McGovern, 211 N.J. at 108. "If the language is clear, our task is to apply that language to the situation that confronts us." Ibid.

"OPMA is violated when formal action is taken in [a] closed session and never ratified or even discussed in a public session." Burnett v. Gloucester Cnty. Bd. of Chosen Freeholders, 409 N.J. Super. 219, 238 (App. Div. 2009). If a public body "vote[s] to approve [proposals] without benefit of public discussion

or resolution[,]" the public body's actions may be challenged under OPMA. Ibid. Similarly, it would "clearly subvert the purposes of the OPMA to count the forty-five day period" from the date of a meeting "whose existence had not been disclosed and whose results were not published." Dolente v. Borough of Pine Hill, 313 N.J. Super. 410, 418 (App. Div. 1998). However, discussions held in non-conforming meetings to determine "whether to take [a certain action] and hire outside counsel" are not actionable. Ibid.

Unlike the Dolente plaintiffs, who were unaware of the Board meeting and action, Rozzi and DiScenza were cognizant of the investigations, as evidenced in their ethics complaint. In fact, DiScenza attended the meeting and was able to vote on whether counsel should be retained. Because the investigations became public at the Board meeting in December 2019, plaintiffs' March 2023 complaint was well beyond the forty-five day SOL. The court properly granted the motion for reconsideration to correct its earlier SOL determination, explaining:

> At the last motion I took it to mean that, well, we don't want to have these secret meetings, so . . . how could [the SOL] start running if I didn't even know there was an offending meeting. But it's not the meeting that's the offense; it's the product of that meeting. And consequently, the [c]ourt is going to reconsider its earlier decision that the point in time when the [forty-five] days starts running is when the parties knew or --

> when it became public and known that [defendant] Giordano had authorized an investigation.

The court's explanation displays sound reasoning, not an abuse of discretion, in granting the motion for reconsideration.

SOL Enlargement

A trial's court decision to enlarge the SOL under Rule 4:69-6(c) will not be disturbed absent an abuse of discretion. Willoughby v. Plan. Bd. of Deptford, 306 N.J. Super. 266, 273 (App. Div. 1997); Hopewell Valley Citizens' Grp. v. Berwind Prop. Grp. Dev. Co., 204 N.J. 569, 578 (2011) (reversing the denial of an SOL enlargement).

Rule 4:69-6(c) provides "the court may enlarge" the forty-five day period for commencing an action "where it is manifest that the interest of justice so requires." (emphasis added). As such, enlargement "represent[s] the exception rather than the rule." Rocky Hill Citizens for Responsible Growth v. Plan. Bd. of Rocky Hill, 406 N.J. Super. 384, 401 (App. Div. 2009).

Our Supreme Court has delineated three categories that justify enlargement under Rule 4:69-6(c): "(1) important and novel constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests

which require adjudication or clarification." Brunetti v. Borough of New Milford, 68 N.J. 576, 586 (1975).

If a plaintiff asserts enlargement is necessary to vindicate an important public interest, the court must determine whether there is a public interest at stake, whether there will be a continuing violation of public rights, and whether the public interest outweighs "the important policy of repose expressed in the forty-five[-]day rule." Reilly v. Brice, 109 N.J. 555, 559 (1988).

This court has recognized instances where an important public interest was implicated, including government action that: (1) impacts traffic flow and reduces access to nature trails, Willoughby, 306 N.J. Super. at 271; (2) impedes access to public areas, Gregory v. Borough of Avalon, 391 N.J. Super. 181, 189-90 (App. Div. 2007); (3) arbitrarily designates public lands as redevelopment areas, Concerned Citizens of Princeton, Inc. v. Mayor and Council of Princeton, 370 N.J. Super. 429, 447 (App. Div. 2004); (4) undoes protections to rights of tenured public employees, Horsnall v. Washington Twp. Div. of Fire, 405 N.J. Super. 304, 314 (App. Div. 2009); or (5) undermines "the right to vote and to have a say in governance [,]" Save Camden, 454 N.J. Super. at 479.

Plaintiffs implore us to recognize that "serial meetings" contravene the public interest in government transparency, as recognized by other jurisdictions. They cite no New Jersey precedent. The record shows there were no political

8

upheavals or dissent, no impact on public property or rights, and no constitutional implications. See Rocky Hill, 406 N.J. Super. at 401. Instead, this interest, limited only to plaintiffs, stems from their "own subjective displeasure" with the internal communications. Ibid. This personal interest contrasts starkly with instances of recognized public interest in the use of public properties and the exercise of public rights. On this point, the trial court declined to enlarge the SOL, reasoning its inquiry was not based on fairness but rather constrained by the interest of justice standard. Thus, in declining to enlarge the SOL, the trial court did not abuse its discretion pursuant to Rule 4:69-6(c).

Turning Square Corners and Equitable Tolling

Issues not properly raised before a trial court are reviewed for plain error on appeal. R. 2:10-2. "Relief under the plain error rule, [] at least in civil cases, is discretionary and 'should be sparingly employed.'" Baker v. Nat'l State Bank, 161 N.J. 220, 226 (1999) (quoting Ford v. Reichert, 23 N.J. 429, 435 (1957)).

Plaintiffs argue for the first time on appeal that the trial court committed plain error in failing to enlarge the SOL pursuant to the "turn square corners" doctrine and equitable tolling. A mainstay of the doctrine is the government's failure to provide plaintiffs with information necessary to bring a claim within the statutory period, thereby securing for itself a tactical advantage. See CBS

A-0932-23

Outdoor, Inc. v. Borough of Lebanon Plan. Bd./Bd. of Adjustment, 414 N.J. Super. 563, 586-87 (App. Div. 2010). The Board did not pursue litigation, thereby dispelling any claim it had a litigation advantage. Further, the untimeliness of the complaint falls on plaintiffs' shoulders, as they were aware in December 2019 that the investigation "was not a product of an open public meeting."

Equitable tolling "affords relief from inflexible, harsh or unfair application of a statute of limitations." Villalobos v. Fava, 342 N.J. Super. 38, 52 (App. Div. 2001). The court may equitably toll the SOL if a defendant intentionally deceives a plaintiff or if a plaintiff has been prevented from asserting his rights due to exceptional circumstances. F.H.U. v. A.C.U., 427 N.J. Super. 354, 379 (App. Div. 2012). Defendants did not actively mislead plaintiffs. Rather, they responded to Rozzi's OPRA request, informing him about the investigation. Plaintiffs were aware the investigations were not the product of an open public meeting and failed to point to any extraordinary circumstances preventing them from asserting their rights in a timely manner. Their personal knowledge of the communications is not vital to their claim and defeats their argument for equitable tolling. In sum, we perceive no plain error capable of producing an unjust result.

10

Any remaining issues raised but not addressed on appeal do not warrant extended discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11                                                                              A-0932-23