**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0418-24

DARIUSZ CZYZEWSKI
and RENEE BORISKIN,

     Plaintiffs-Appellants,

v.

PLANNING BOARD OF
THE CITY OF GARFIELD
and BYLT DEVELOPMENT
COMPANY, LLC,

     Defendants-Respondents.

_____

Submitted October 21, 2025 – Decided November 6, 2025

Before Judges Sumners and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-0467-24.

De Marco & De Marco, attorneys for appellants (Michael P. De Marco, on the briefs).

Harwood Lloyd, LLP, attorneys for respondent BYLT Urban Renewal LLC (Allyson M. Kasetta, of counsel and on the brief).

Cimino Law, LLC, attorneys for respondent Planning Board of the City of Garfield (Alyssa A. Cimino, of counsel and on the brief).

PER CURIAM

Plaintiffs Darius Czyzewski and Renee Boriskin appeal from an August 28, 2024 Law Division order dismissing their action in lieu or prerogative writs. We affirm.

I.

This case concerns the Planning Board of the City of Garfield's ("Board") approval of BYLT Development Company, LLC's ("BYLT") application for preliminary and final major site plan approval.

The matter was scheduled before the Board on July 27, 2023. Before testimony began, plaintiffs' counsel requested an adjournment, explaining that plaintiffs could not attend due to an emergency. The Board proceeded with BYLT's witnesses but postponed its vote until the next meeting, giving plaintiffs the opportunity to be heard. Plaintiffs' counsel stated he would "be getting the transcript for [his] client's benefit" and offered to provide it to the Board members who were absent so they could vote. The Board instructed counsel on the transcripts ordering process.

2

BYLT presented expert witness testimony in support of its application. Plaintiffs' counsel chose not to cross-examine BYLT's witnesses and left the meeting before the testimony concluded.

A few days later, BYLT's counsel sent plaintiffs' counsel a letter stating that BYLT's testimony had concluded and, per his request, the Board would vote at the next meeting. BYLT also invited plaintiffs' concerns regarding the development. Weeks later, BYLT sent a letter to the City of Garfield and plaintiffs' counsel confirming the vote would be moving forward at the next meeting. Plaintiffs' counsel did not respond to either letter.

On September 28, 2023, the Board voted to approve BYLT's application and memorialized its decision in resolution PB-11-2023. Plaintiffs and their counsel did not attend or provide any testimony.

Plaintiffs timely filed an action in lieu of prerogative writs, alleging the Board had acted arbitrary, capricious, and unreasonable. Plaintiffs certified, pursuant to Rule 4:69-4, that they had ordered the transcripts of the proceedings before the Board. Their pre-trial briefs did not attach the transcripts from the Board hearings but instead included transcripts from redevelopment plan hearings conducted a year earlier. The court informed plaintiffs that they had submitted the wrong transcripts.

3

On August 28, 2024, the parties appeared for trial. The court stated that it could not render a decision without the transcripts. Plaintiffs' counsel, despite being present at the first hearing and having written notice of the second hearing, argued against dismissal. Counsel blamed the Board's attorney and claimed not to know about other hearing dates. He further argued that transcripts were unnecessary to challenge the validity of the resolution. The court rejected these arguments and dismissed the complaint, with prejudice, for failure to comply with Rule 4:69-1. This appeal follows.

II.

The meaning, scope, and applicability of our Court Rules are reviewed de novo. State v. Dickerson, 232 N.J. 2, 17 (2018); State v. Hernandez, 225 N.J. 451, 461 (2016); In re Ordinance 2354-12 of Tp. of West Orange, Essex County v. Township of West Orange, 223 N.J. 589, 596 (2015). However, "appellate courts are not to intervene . . . [and] will defer to a trial judge's discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law." Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017) (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)); See also Il Grande v. DiBenedetto, 366 N.J. Super. 597, 610 (App. Div. 2004) (quoting Alk Assocs. v. Multimodal Applied Systems, Inc.,

276 N.J. Super. 310, 314-15 (App. Div. 1994)) ("a judge abuses [their] discretion when [they] fail[] 'to exercise discretion because the court did not realize it has such discretion.'").

On appeal, plaintiffs argue the court improperly exercised its discretion to enlarge the time-period for commencing an action in lieu of prerogative writs. Plaintiffs also contend the transcripts were not relevant to the legal question presented by their complaint. We are not persuaded.

We begin our analysis by noting Rule 4:69-6(c), generally, may be applicable to Rule 4:69-4 given the transcripts required by Rule 4:69-4 are integral to the complaint which Rule 4:69-6(c) enlarges the time to file. However, enlarging time to file an action in lieu of prerogative writs is typically only proper for novel constitutional questions, informal or ex-parte determinations, or matters of important public interest. Cohen v. Thoft, 368 N.J. Super. 338, 345-46 (App. Div. 2004). While this "list of exceptions was not intended to be exhaustive[,]" Hopewell Valley Citizens' Group, Inc. v. Berwind Prop. Group Dev. Co., LP, 204 N.J. 569, 584 (2011), "'other factors that will ordinarily guide courts include whether there will be a continuing violation of public rights.'" Borough of Princeton v. Bd. of Chosen Freeholders of Mercer, 169 N.J. 135, 152 (2001) (quoting Reilly v. Brice, 109 N.J. 555, 559 (1988)).

Here, there are no matters of public rights involved—plaintiffs' cause of action regards an easement on their property that BYLT has agreed to maintain.

Further, the record undermines plaintiffs' claim of ignorance about hearing dates. Their counsel attended the July 27, 2023 meeting and agreed to order the transcript, received two letters from BYLT's counsel about subsequent hearings, and submitted resolution PB-11-2023 as an exhibit, which identified the relevant dates. The trial court notified plaintiffs that they had submitted the wrong transcripts. Accordingly, plaintiffs were aware of the requisite dates.

Plaintiffs liken this case to Cohen, where we reversed an order of dismissal based on reasonable reliance upon mistaken information and a finding that the appellant "did not 'slumber on [their] rights.'" Cohen, 368 N.J. Super. at 347 (quoting Shack v. Thimble, 28 N.J. 40, 49 (1958)). Unlike in Cohen, plaintiffs had adequate notice and opportunity to correct their errors but failed to do so. Considering plaintiffs had almost four-hundred business days between filing and dismissal to recognize, and subsequently cure, transcript deficiencies, we conclude that plaintiffs "slumber[ed] on [their] rights." Shack, 28 N.J. at 49. While we are reluctant, as a matter of substantial justice, to affirm a dismissal with prejudice on procedural grounds, we find that the equities favor defendants.

6

Finally, we find plaintiffs' assertion that, because their action is contesting the validity and sufficiency of the resolution, the parties did not require the transcripts to be misplaced.

It is undisputed that the record before the government agency controls and municipal action cannot be overturned unless unsupported by substantial credible evidence. Centex Homes, LLC v. Township Committee of Tp. of Mansfield, 372 N.J. Super. 186, 196 (Law Div. 2004) (citing El Shaer v. Planning Bd., 249 N.J. Super. 323, 327 (App. Div. 1991)); Burbridge v. Mine Hill, 117 N.J. 376, 385 (1990); Kramer v. Bd. of Adjustment, 45 N.J. 268, 289 (1965); Cell v. Zoning Bd. of Adjustment, 172 N.J. 75, 81-82 (2002). Further, "[t]he record is the best evidence of what the board considered and decided." Sherman v. Borough of Harvey Cedars Zoning Bd. of Adjustment, 242 N.J. Super. 421, 430 (App. Div. 1990). Thus, the trial court could not have adjudicated plaintiffs' claim "without reviewing the complete administrative record, including the transcripts." Hirth v. City of Hoboken, 337 N.J. Super. 149, 158 (App. Div. 2001).

A resolution is merely a memorialization of municipal action, not the action itself. See N.J.S.A. 40:55D-10(g)(2). A resolution may evidence what the municipal agency considered but is not determinative. To find an arbitrary

and capricious action, the trial court must review the transcripts of the proceedings. Accordingly, we discern no abuse of discretion in the judge's order of dismissal pursuant to <u>Rule</u> 4:69-4.

Insofar as any of plaintiffs' claims have not been addressed, we find insufficient merit in these arguments to warrant discussion in a written decision. <u>Rule</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M. C. Harley*

Clerk of the Appellate Division

A-0418-24